# EXHIBIT A

1

```
 1

 2            IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF ILLINOIS
 3                     EASTERN DIVISION

 4   PHOENIX BOND & INDEMNITY          )
     COMPANY, et al.,                  ) Docket No. 05 C 4095
 5                                     )
                     Plaintiffs,       ) Chicago, Illinois
 6                                     ) September 27, 2005
             v                         ) 9:00 a.m.
 7                                     )
     JOHN BRIDGE, et al.,              )
 8                                     )
                     Defendants        )
 9

10             TRANSCRIPT OF PROCEEDINGS
        BEFORE THE HONORABLE JAMES F. HOLDERMAN
11

12   PRESENT:

13   For the Plaintiffs:      LOWELL E. SACHNOFF
                              ARNOLD A. PAGNIUCCI
14                            JONATHAN L. MARKS
                              LISA A. KISTLER
15                            Sachnoff & Weaver, Ltd.
                              10 South Wacker Drive
16                            Chicago, Illinois  60606

17
     For Certain Defendants:  THEODORE M. BECKER
18                            Morgan Lewis Bockius
                              77 West Wacker Drive
19                            Chicago, Illinois  60601

20
     For Certain Defendants:  DAVID ROSENBLOOM
21                            McDermott, Will & Emery LLP (Chicago)
                              227 West Monroe Street
22                            Chicago, Illinois  60606-5096

23

24

25
```

2

```
1   PRESENT:  (Cont'd)

2

    For Certain Defendants:    KEVIN J. CLANCY
3                              Lewis & Gellen
                               200 West Adams Street
4                              Chicago, Illinois  60606

5
                               JOSEPH R. LEMERSAL
6                              Nash, Lalich & Kralovec
                               53 West Jackson Boulevard
7                              Chicago, Illinois  60604

8
                               ELISHA S. ROSENBLUM
9                              O'Halloran, Kosoff, Helander &
                                 Geitner, P.C.
10                             650 Dundee Road
                               Northbrook, Illinois  60062
11

12
    Court Reporter:            Lois A. LaCorte
13                             219 South Dearborn
                               Chicago, Illinois 60604
14                             (312) 435-5558

15

16

17

18

19

20

21

22

23

24

25
```

1    THE CLERK:  05 C 4095, Phoenix Bond & Indemnity, et al.,

2  v John Bridge, et al., status hearing, certain defendants'

3  motions to dismiss.

4    MR. SACHNOFF:  Good morning, your Honor, Lowell Sachnoff

5  for the plaintiffs.

6    MR. PAGNIUCCI:  Good morning, your Honor, Arnold

7  Pagniucci for the plaintiffs.

8    MR. MARKS:  Jonathan Marks on behalf of plaintiff Phoenix

9  Bond, your Honor.

10    MS. KISTLER:  Lisa Kistler on behalf of plaintiffs, your

11  Honor.

12    THE COURT:  Good morning to plaintiffs' counsel.  We

13  have got defense counsel here as well.

14    MR. BECKER:  Good morning, your Honor, Theodore Becker on

15  behalf of defendants John Bridge, Barrett Rochman, and Sabre

16  Group LLC.

17    MR. ROSENBLOOM:  Good morning, your Honor, David

18  Rosenbloom on behalf of Douglas Nash and certain affiliated

19  entities.

20    THE COURT:  Good morning.

21    MR. CLANCY:  Good morning, your Honor, Kevin Clancy on

22  behalf of Joseph Varan, Cronus, Gregory Ellis, LCC, GJ

23  Venture, and Robert Jensen.

24    MR. LEMERSAL:  Good morning, Judge, Joe Lemersal on

25  behalf of defendants Francis Alexander and Georgetown

1   Investors LLC.

2        THE COURT:  Good morning.

3        MR. ROSENBLUM:  Good morning, Judge, Eli Rosenblum for

4   Baumbach, Jeffrey Bridge, Regal One, Optimum and Carpus.

5        THE COURT:    There was one counsel who called my clerk,

6   he was having car trouble, and that counsel was -- let me just

7   ask my clerk since I'm having difficulty reading her

8   handwriting.  Who was that counsel?

9        All right, Mr. Neal Ament, who represents several

10  defendants, as well primarily the Jesse Rochman, the Rochman

11  defendants, ERB as well.  His car broke down on the way in, so

12  we will excuse his appearance this morning.

13       There are a number of motions to dismiss, and, of course,

14  in dealing with Rule 12(b)(6) motions to dismiss, I cannot

15  consider anything outside the allegations in the complaint,

16  and, of course, this complaint is rather substantial and

17  contains a number of factual statements and also a number of

18  attachments that provide additional support for the factual

19  circumstances that are alleged.

20       I have reviewed those, the complaint as well as your

21  motions, and although my first blush in reading the motions

22  was to think that perhaps you folks were going outside the

23  record, I think most of you have not gone outside the four

24  corners of the complaint.

25       Let me ask plaintiff's counsel what your position on that

1   is.

2       MR. SACHNOFF:  Well, your Honor, two things.  There is

3   also a motion for stay of discovery that's up this morning

4   too.

5       THE COURT:  Right, we are going to address that later,

6   so let me put that aside.

7       MR. SACHNOFF:  I don't believe that there is any

8   material or substantial factual allegations that are

9   inconsistent with the pleadings in the complaint.

10      Our position is simple, we don't think a stay of

11   discovery is proper, but in terms of responding to the motion

12   to dismiss --

13      THE COURT:  Yes.

14      MR. SACHNOFF:  45 days we believe would be appropriate.

15      THE COURT:  Okay.  The only thing I found, and Mr.

16   Rosenbloom, it's your motion, you actually explained some of

17   your client's own business practices in connection with your

18   motion and I could not find any allegations in the complaint

19   that dealt with Nash's business practices.  And so what I'm --

20   as I'm required to do if I consider your motion under

21   12(b)(6), I can't consider those additional factual

22   statements.  Do you have a comment on that?

23      MR. ROSENBLOOM:  Yes, your Honor, and those are, I

24   believe, in the introduction, as you will notice, and as --

25      THE COURT:  In the introduction of the complaint?

1     MR. ROSENBLOOM:    No, no, the introduction of our motion,

2   we refer to the model.  The basis of the argument, as the

3   court is aware from having skimmed it, is that the allegations

4   do not state a mail fraud and you certainly don't have to rely

5   on the description we gave in terms of the overview to analyze

6   any part of that argument.

7     THE COURT:    Okay, but I have to explicitly state on the

8   record that I'm not going to consider it or I have to convert

9   it to a Rule 56 motion for summary judgment.

10     So I'm going to explicitly state on the record that I am

11   not going to consider the statements made by the Nash

12   defendants as to their own business practices at all in making

13   the determination with regard to the 12(b)(6) motion.

14     MR. ROSENBLOOM:  And that's fine, your Honor.  Of course,

15   it's appropriate and proper.  The only thing I was going to

16   distinguish is where we point out in argument the absence of

17   certain allegations, the absence of allegations that would

18   exclude other models of profit, you certainly don't have to,

19   and as the court has indicated, it's proper to exclude any

20   affirmative suggestion that that is the model because that

21   fact isn't before it, but at the same time, it's absolutely

22   appropriate for the court to consider the materiality of the

23   absence of certain other allegations when our argument is that

24   the failure to plead those allegations is in fact consistent

25   with our theory of why there is not a crime and therefore a

1  mail fraud or a RICO here.

2      THE COURT:   Okay.  Well, your position then is because

3  of the absence, then it fails to state a claim.

4      MR. ROSENBLOOM:   Correct.

5      THE COURT:   All right.  Well, having reviewed those and

6  having made that explicit determination that I have to make so

7  that I can consider that motion under Rule 12(b)(6), you had

8  mentioned, Mr. Sachnoff, that you desired 30 days to respond.

9      MR. SACHNOFF:   I initially said 30 days, but I think we

10 would like 45 if that would be acceptable, your Honor.

11     THE COURT:   Okay.  I guess I should have caught you at

12 the 30.

13     MR. SACHNOFF:   I got a nudge from one of my partners on

14 that.

15     THE COURT:   Okay.  Well, 45 days from today takes us

16 to -- I'll ask my clerk to help me on this -- November 10.

17 November 10 for responses, and if it's possible to segregate

18 within the responses -- you can file one response if you want

19 to or you can file multiple responses.  If you file multiple

20 responses, you get 15 pages for each response.  So you may

21 want to file multiple responses, one to each motion.  It might

22 be easier for you and then also for me and for the defendants

23 to reply.  But I leave that up to you.  But November 10.

24     How much time then for reply?

25     MR. BECKER:   Your Honor, would 21 days be satisfactory?

1      THE COURT:   Well, yes.  November 10th is a Thursday.
2 Two weeks after November 10th is Thanksgiving.
3      MR. BECKER:   Right.
4      THE COURT:   So it would be December 1 -- with the
5 holiday is 21 days still good?
6      MR. ROSENBLOOM:  What day of the week is December 1,
7 Judge?
8      THE COURT:  It's a Thursday.  It's the week after
9 Thanksgiving.
10      MR. ROSENBLOOM:   Could we propose the following Monday?
11      THE COURT:   That's what I was thinking.  December 5th,
12 Monday, December 5th.
13      MR. BECKER:   Thank you.  We appreciate that, your Honor.
14      THE COURT:   All right.  I'll rule by mail, setting
15 additional dates if necessary in the ruling.
16      Now, there is this request to stay discovery which we put
17 off until we set this briefing schedule.
18      Mr. Sachnoff, you had a comment about that?
19      MR. SACHNOFF:   Your Honor, our view is that a stay of
20 discovery at this time is not appropriate.  Your Honor has had
21 an opportunity to review the complaint.  Your Honor is well
22 aware that in Rule 26 the legal sufficiency is not a grounds
23 for granting a stay.  Stays are severely disfavored in this
24 court, and we believe that a stay would be inappropriate and
25 we should proceed promptly with discovery.

1    THE COURT:   What discovery are you contemplating or --

2  first of all, what discovery have you already presented to the

3  defendants?

4    MR. SACHNOFF:   None, your Honor.

5    THE COURT:  Okay.

6    MR. SACHNOFF:   There are two branches to it.   One is the

7  initial discovery under Rule 26(a), we certainly would want

8  that to proceed immediately, and then our view is that we

9  would need discovery in three areas:   interrogatories,

10  third-party subpoenas, and requests for document production,

11  not depositions at the first stage, but we believe that those

12  can proceed promptly and that we can arrange a discovery plan

13  in connection with a Rule 26(f) conference.

14    MR. BECKER:   Your Honor, if I may.

15    THE COURT:   Go ahead.

16    MR. BECKER:   I was going to file a motion to stay

17  discovery as well on behalf of my three defendants.

18    THE COURT:   Well, I'm going to consider the motion

19  having been made on all.   Even though Mr. Clancy on behalf of

20  his clients is the moving party, I would stay as to all or

21  stay as to none.   Go ahead.

22    MR. BECKER:   One of the things I wanted to address is

23  that we are making a standing argument as a threshold

24  argument.   As your Honor knows, Defendants Bridge and Rochman

25  and Sabre Group, John Bridge, Barrett Rochman, and Sabre

1  Group, and I believe that argument has been adopted by many,

2  if not all, the co-defendants.

3      As your Honor knows, this is a lawsuit among competitors

4  and it's going to be expensive and we also believe there will

5  be many issues of proprietary information and confidential

6  information that will come up at the very advent of discovery.

7      Since there is a standing argument, and frankly, we

8  believe a very strong one, we think that that is an additional

9  compelling reason for your Honor to exercise your discretion

10 and stay discovery.

11     Failing that, we -- I talked to Mr. Sachnoff before court

12 and he had requested, unless your Honor seeks to rule today, a

13 short briefing schedule on the motion to stay discovery.  I

14 would like plaintiffs to address specifically what discovery

15 they think is necessary in view of the pendency of the

16 standing motion, and then I could file a short reply.  I think

17 we could do that all within the space of eight days.

18     THE COURT:   Okay.  Well, I was thinking I would just

19 rule on this today, and the reason for it was it would seem to

20 me that we would find out what discovery the plaintiffs were

21 contemplating by their serving the discovery, and if it is

22 burdensome or seeks confidential information or is of the type

23 of discovery that would be inappropriate, you can let me know

24 that and we can address it.

25     But it seems to me that we should at least have this

1   initial discovery, this Rule 26(a)(1) discovery that you

2   contemplated, that can't be that burdensome, and then, Mr.

3   Sachnoff, you're only contemplating interrogatories and

4   document requests at this point.  You won't be precluded from

5   serving further interrogatories except you have to stay within

6   the time limit.

7        MR. SACHNOFF:   Sure.

8        THE COURT:   The number limit under the Federal Rules of

9   Civil Procedure unless there is further agreement or I find

10  that there is good cause for it.

11       So I'm going to allow the discovery, I'm going to deny

12  the motion to stay discovery, but let me encourage all parties

13  to be sparing on this at this time and to focus the discovery

14  on those issues that need to be focused on at this point, so

15  that we can number one, lay the foundation if I deny the

16  motions to dismiss for further discovery or we can address

17  whatever issues there need to be addressed at the outset of

18  the discovery.

19       MR. SACHNOFF:   Sure.

20       THE COURT:   I mean, let's not -- you are competitors.

21  Focus it.

22       MR. SACHNOFF:   We will focus it, your Honor.

23       THE COURT:   Let's not go looking for the other side's

24  internal analysis of their pricing structures or their

25  analysis of how they conduct their business, all right?

1    MR. SACHNOFF: We will do that, your Honor.

2    THE COURT:   Anything else we need to take up today?

3    MR. ROSENBLOOM:   Following up briefly, to clarify, my

4  understanding is the court would like to see some discovery,

5  judicious discovery proceed.

6    THE COURT:   I'm allowing it to proceed at this point

7  since the parties or since the plaintiffs desire it.

8    MR. ROSENBLOOM:   Am I correct that there is nothing in

9  your statement that would suggest that you were anticipating

10  there would not be reciprocal discovery?

11    THE COURT:   As I said, it's for all or it's for none,

12  and so yes, you may proceed with reciprocal discovery

13  immediately.   26(a)(1) disclosures need to be made from,

14  provided from the plaintiffs and interrogatories and document

15  requests.   Let's stick with that.   No depositions at this

16  point, but let's stick with that, and yes, both sides may

17  proceed.

18    MR. SACHNOFF:   Your Honor, you had asked me what

19  discovery.   I said interrogatories, document requests, and

20  several third-party subpoenas.

21    THE COURT:   Oh, third-party subpoenas.

22    MR. SACHNOFF:   Only three, and they will be narrowly

23  focused.

24    THE COURT:   All right.   Well, third-party subpoenas we

25  will allow because I assume those are primarily for documents.

1    MR. SACHNOFF:    Correct.

2    THE COURT:    And to the extent that you need to take

3  depositions to authenticate the documents or better understand

4  or lay foundations for the documents, you may certainly do so.

5    MR. SACHNOFF:    Fine.  Thank you, your Honor.

6    THE COURT:    And that's both sides.

7    MR. BECKER:    Reciprocal,  thank you, your Honor.

8    THE COURT:    It applies to everybody.

9  Anything else?

10    MR. ROSENBLOOM:    No, thank you, your Honor.

11    MR. BECKER:    Thank you very much, your Honor.

12  THE COURT:    Thank you.

13    *                    *                    *

14    I certify that the above is a true and correct

15    transcript of proceedings had in the above matter.

16

17

18    _____
                    Lois A. LaCorte
19

20

21

22

23

24

25