**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PHOENIX BOND & INDEMNITY CO., et al., ) ) ) Plaintiffs, ) ) v. ) ) JOHN BRIDGE et al., ) ) Defendants. ) _____) | No. 05 CV 4095 Judge James F. Holderman Magistrate Judge Ian H. Levin |

**PLAINTIFFS' RESPONSE TO THE MOTION TO DISMISS FILED BY DEFENDANTS
<u>GEORGETOWN INVESTORS, LLC AND FRANCES ALEXANDER</u>**

Plaintiffs respectfully submit this Memorandum in response to the Motion to Dismiss filed by Defendants Georgetown Investors, LLC and Frances Alexander (the "Defendants").[1]

## FACTUAL BACKGROUND

Plaintiffs allege that Defendants secretly agreed before the annual Cook County tax sales to bid on behalf of Sabre Group, LLC. (Compl. ¶ 1.) Their acts violated the County Rule prohibiting related bidding entities from simultaneously participating in the sale. (*Id.*) The Defendants submitted to the Cook County Treasurer's Office registrations to participate in the tax sales—registrations in which Defendants falsely attested that they complied with the County Rule. (*Id.* ¶¶ 54, 61.) Their scheme was to participate unlawfully in the auctions, deprive Plaintiffs of liens they would have obtained but for the wrongful conduct, and reap the profit from those liens. (*Id.* ¶ 1.)

At the annual tax sale auction, the County distributes liens to the bidder who bids the lowest penalty rate. (Compl. ¶ 36.) At every sale since 2000, virtually every bid was 0%, the lowest possible rate. (*Id.*) When multiple bidders make the same bid, the auctioneer allocates liens on a rotational basis among the bidders in the room. (*Id.*) A party who has multiple bidders in the room gains a substantial advantage over those who comply with the Single Bidder Rule, permitting the party with multiple bidders to acquire a greater share of liens offered for sale. (*Id.* ¶¶ 36, 51.) To ensure the equal distribution of liens, the County's Rule limits all participants to one bidder and prohibits registered bidders from having surrogates buy liens for them at the sales. (*Id.* ¶ 51.) To enforce the Single Bidder Rule, each bidder must represent under oath in submissions to the County, among other things, that the bidder did not share

---

[1] Six groups of Defendants have filed separate motions to dismiss Plaintiffs' Complaint. To the extent that a Defendant relies upon, cross-references and adopts other Defendants' arguments in their motions, the Plaintiffs also rely upon, cross-reference and adopt Plaintiffs' arguments contained in Plaintiffs' six response briefs.

1

capital, finances, ownership, or source of funds with another bidder; that it had no agreements to purchase or sell liens it acquired to another bidder; and that it did not stand to benefit financially under an agreement with another bidder concerning liens bid on or purchased. (*Id.* ¶ 54.)

Defendants engaged in a fraudulent scheme to increase the number of bidders at the auction and thereby obtain more liens. (Compl. ¶ 52.) A series of entities were formed to create the impression that they were separate bidders. (*Id*. ¶ 53.) These entities registered to bid at the sales and represented that they were separate and unrelated. (*Id*.) These representations were false because the entities were, in fact, related and/or had agreements in advance of the sale to transfer their liens to Defendant Sabre Group after the auction. (*Id.* ¶¶ 61, 62.) Defendants obtained liens from the County and the related profits that would have been obtained by Plaintiffs absent Defendants' scheme.

Despite Defendants' contentions, Plaintiffs are not seeking to enforce the County Rule or to recover any damages of the County or the underlying property owners. Plaintiffs seek to recover profits that Defendants obtained and that Plaintiffs would have obtained but for Defendants' scheme to defraud, as well as injunctive relief to prevent such conduct in the future. (Compl. ¶¶ 56, 64, 92.) Plaintiffs' claims are based on the Federal RICO Statute and on tortious interference with prospective business advantage under Illinois common law.

The predicate acts underlying Plaintiffs' RICO claim are Defendants' violations of the mail fraud statute. Defendants' scheme involved deceiving the County with misrepresentations in Defendants' registration applications for the tax sales that occurred in calendar years 2002, 2003, 2004 and 2005. (Compl. ¶¶ 61, 70, 76, 78, 83, 94.) Through Defendants' scheme, Defendants sought to, and did, obtain property, *i.e.* the tax liens and the profits on those tax liens. The "Take Notice" mailings were an essential part of the Defendants' scheme because the

Defendants were precluded from obtaining the profits on the liens they acquired if the "Take Notices" were not mailed. (*Id.* ¶ 40.)

## ARGUMENT

In considering a motion to dismiss, the court must take all material allegations of the complaint as true and liberally construe those allegations in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *United States v. City of Chicago Heights*, No. 99 C 4461, 1999 U.S. Dist. LEXIS 18178, at *2-3 (N.D. Ill. Nov. 19, 1999) (Holderman, J.). It is well established that a court may not grant a motion to dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Morgan v. Bank of Waukegan*, 804 F.2d 970, 973 (7th Cir. 1986). Here, the facts and permissible inferences in the Complaint sufficiently plead Plaintiffs' causes of action under RICO and the state law claim of tortious interference with prospective business advantage. Defendants' argument relies upon inapplicable authority. As such, Defendants' Motion should be denied in its entirety.

I. **PLAINTIFFS HAVE STANDING BEFORE THIS COURT BECAUSE THE COMPLAINT SUFFICIENTLY ALLEGES A RICO CAUSE OF ACTION AGAINST DEFENDANTS**

    A. **Plaintiffs Have Standing Because They Seek Redress For Their Own Injuries, Not The County's**

As an initial matter, there is no doubt that Plaintiffs have standing under RICO because Plaintiffs were among the intended victims of Defendants' scheme to defraud. *See In re EDC, Inc.*, 930 F.2d 1275, 1279 (7th Cir. 1991) (finding that intended victims have standing to sue

3

under RICO based on mail and wire fraud). In fact, Defendants do not even contend that Plaintiffs lack standing under RICO.[2]

Instead, Defendants argue that Plaintiffs' claims should be dismissed because Plaintiffs lack standing to bring suit on behalf of the Cook County Treasurer's Office. (Defs.' Mot. at 3-5.) This argument, however, represents a complete misunderstanding of Plaintiffs' claims. By bringing this suit, Plaintiffs do not seek to recover damages incurred by the Cook County Treasurer's office. Rather, Plaintiffs bring this suit to recover their own injuries: the profits they lost as a result of Defendants' fraudulent scheme.

In support of their argument, Defendants misapply *Lyons v. Ryan*, 780 N.E.2d 1098 (Ill. 2002). In *Lyons*, the Illinois Supreme Court affirmed the lower courts' dismissal of plaintiff taxpayers' complaint. The court ruled that plaintiffs, who brought suit "on behalf of and for the benefit of the State of Illinois," *id*. at 531, lacked standing because only the state was the "real party in interest." *Id*. at 534-35. As such, individual taxpayers, like the plaintiffs there, lacked standing to bring the cause of action on behalf of the State.

In sharp contrast, here Plaintiffs are the "real party in interest" because they are entitled to the benefits if the action is successful. Through Defendants' collusive bidding and improper acquisition of liens, Defendants obtained Plaintiffs' property — the opportunity to earn the profits on many of the liens Defendants fraudulently obtained. Though the County was, like Plaintiffs, defrauded by Defendants' scheme, Plaintiffs seek to recover only for their own injuries. (*See* Compl. ¶¶ 1, 56, 92.) Nowhere in the Complaint do Plaintiffs allege that they sue

---

[2] Indeed, by failing to counter Plaintiffs' allegation that they were among the intended victims of Defendants' scheme to defraud (*see* Compl. ¶ 90), Defendants impliedly concede that Plaintiffs have standing under RICO.

on behalf of the State of Illinois or the Cook County Treasurer. Thus, *Lyons* is inapplicable here, and Defendants' argument fails.

> **B.     Despite Defendants' Contentions To The Contrary, Plaintiffs Do Not Bring This Suit To Enforce The County Rule**

Defendants also argue that Plaintiffs do not have standing to enforce the County's Single Bidder Rule. (Defs.' Mot. at 3-5.) In so arguing, however, Defendants again misconstrue Plaintiffs' claims. Plaintiffs do not bring suit to enforce the County Rule. Rather, Plaintiffs bring suit to recover profits obtained by Defendants, which Plaintiffs would have obtained but for Defendants' scheme to defraud. (*See, e.g.*, Compl. ¶ 1.)

Defendants' assertion that Plaintiffs lack standing to sue because the Treasurer opted not to commence proceedings against Defendants is erroneous. (Defs.' Mot. at 5.)[3] This case is not about whether Defendants should be sanctioned under the penalty provisions of the Single Bidder Rule and Plaintiffs have not brought suit to enforce the Rule. Rather, Plaintiffs allege that Defendants made fraudulent statements to the County and those statements are part of a scheme to defraud intended to injure Plaintiffs. Moreover, that the Treasurer has not challenged Defendants' conduct to be a violation does not mean that the Treasurer sanctioned that conduct. Indeed, the whole point of the scheme was to deceive the County so it would allow Defendants to bid and would not take action against them. There are many reasons the Treasurer may not have acted, including that, as alleged in the Complaint, Defendants' scheme worked and deceived the Treasurer.[4]

---

[3] This question is nevertheless moot because, as stated above, Plaintiffs do not challenge the Treasurer's application or enforcement of the Rule.

[4] Further, contrary to Defendants' assertions, the Treasurer's authority regarding the Rule is neither sole nor exclusive. *See Phoenix Bond & Indem. Co. v. Pappas*, 741 N.E.2d 248, 251 (Ill. 2000). Indeed, *Phoenix Bond*, the case upon which Defendants rely, clearly demonstrates that the court, not the

5

## **CONCLUSION**

For the reasons set forth in this Memorandum, Plaintiffs respectfully request that this Court deny Defendants' Motion To Dismiss in its entirety.

Dated: November 10, 2005

                                             **Plaintiffs Phoenix Bond & Indemnity Co., Oak Park Investments, Inc., and BCS Services, Inc.**

                                             By:___/s/_ Lowell E. Sachnoff_____
                                                   One of Their Attorneys

Lowell E. Sachnoff  (ARDC No. 2438062)
Arnold A. Pagnuicci  (ARDC No. 2134799)
John W. Moynihan  (ARDC No. 6212061)
Lisa A. Kistler  (ARDC No. 6273987)
SACHNOFF & WEAVER, LTD.
10 South Wacker Drive, Suite 4000
Chicago, Illinois  60606
(312) 207-1000

Harvey M. Silets  (ARDC No. 2604728)
Jonathan L. Marks  (ARDC No. 6227066)
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, Illinois  60661
(312) 902-5337

---

Treasurer, makes the final determination as to the validity of whether the Treasurer's actions regarding a Rule comply with the law. *Id.* at 251-52.

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2005, I electronically filed **Plaintiffs' Response to the Motion to Dismiss Filed by Defendants Georgetown Investors, LLC and Frances Alexander** with the Clerk of the Court using the ECF system, which will send notification of such filings to the following:

| | |
|---|---|
| *Attorney for Defendants John Bridge, Barrett Rochman and Sabre Group, LLC* | Theodore M. Becker<br>Morgan Lewis & Bockius<br>77 West Wacker Drive, 5th Floor<br>Chicago, Illinois  60601 |
| *Attorney for Defendants Robert Jensen, Joseph Varan, Cronus Projects, LLC, Gregory Ellis, GJ Venture, LLC, and L.C.C. Venture, LLC* | Kevin J. Clancy<br>Martin W. McManaman<br>Patrick R. Moran<br>Lowis & Gellen LLP<br>200 West Adams Street, Suite 1900<br>Chicago, Illinois  60606 |
| *Attorney for Defendants Jeffrey Bridge, Regal One, LLC, Jason Baumbach, Optimum Financial, Inc., and Carpus Investments, LLC* | Elisha S. Rosenblum<br>Clifford G. Kosoff<br>O'Halloran, Kosoff, Geitner & Cook, P.C.<br>650 Dundee Road, Suite 475<br>Northbrook, Illinois  60062 |
| *Attorney for Defendants Douglas Nash, DRN II, Inc., Jeshay, LLC, and Mud Cats Real Estate, LLC* | David S. Rosenbloom<br>McDermott, Will & Emery LLP<br>227 West Monroe Street, Suite 4400<br>Chicago, Illinois  60606-5096 |
| *Attorney for Defendants Francis Alexander and Georgetown Investors, LLC* | Michael J. Kralovec<br>Joseph R. Lemersal<br>Sara R. McClain<br>Nash, Lalich & Kralovec, LLC<br>53 West Jackson Boulevard, Suite 1102<br>Chicago, Illinois  60604 |

and by U.S. Mail to the following non-registered party:

| | |
|---|---|
| ***Attorney for Defendants Jesse Rochman, Corinne Rochman, Christopher Rochman, BRB Investments, LLC, and CCJ Investments, LLC*** | Neil S. Ament<br>Law Office of Neil S. Ament<br>1955 Shermer Road, Suite 400<br>Northbrook, Illinois  60062 |

By:   /s/  Lisa A. Kistler
         One of Plaintiffs' Attorneys

Lowell E. Sachnoff  (ARDC No. 2438062)
Arnold A. Pagnuicci  (ARDC No. 2134799)
John W. Moynihan  (ARDC No. 6212061)
Lisa A. Kistler  (ARDC No. 6273987)
SACHNOFF & WEAVER, LTD.
10 South Wacker Drive, Suite 4000
Chicago, Illinois  60606
(312) 207-1000