IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

BCS SERVICES, INC. and PHOENIX BOND
& INDEMNITY, CO.,

        Plaintiffs,

v.

HEARTWOOD 88, INC., et al.,

        Defendants.

CIVIL ACTION NO. 07CV1367

Judge MORAN

**SASS MUNI-IV, LLC AND SASS MUNI-V, LLC'S MOTION TO QUASH SUBPOENAS ISSUED BY PLAINTIFFS ON NON-PARTY BANKS AND TO STAY DISCOVERY**

Defendants SASS Muni-IV, LLC and SASS Muni-V, LLC (the "moving Defendants") respectfully move this Court, pursuant to Federal Rule of Civil Procedure 45, for an order quashing the five (5) subpoenas issued and served by Plaintiffs, BCS Services, Inc. and Phoenix Bond & Indemnity Co., upon banks with which Defendants and other parties and non-parties conduct their business, and to stay all discovery pending further order of court for the following reasons:

- Plaintiffs may not seek discovery from any source before the parties have conferred as required by Federal Rule of Civil Procedure 26(f);
- Plaintiffs' subpoenas issued to the banks are intrusive, overbroad, and outside the scope of discovery under Rule 26;
- the commencement of discovery is premature pending a ruling on the Defendants' motions to dismiss the Complaint and the moving Defendants' Motion for Reassignment Based on Relatedness.

In support of this motion, the moving Defendants state as follows:

1-CH/194589.2

## FACTS

1. On March 9, 2007, Plaintiffs filed a seven-count complaint against Defendants. In Counts I-VI, Plaintiffs allege that Defendants engaged in, or conspired to engage in, a pattern of racketeering in violation of Sections 1962(c) and (d) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c), (d) (Compl. ¶¶ 79-115). In Count VII, Plaintiffs assert a pendent state law claim for tortiuous interference with prospective business advantage. (Compl. ¶¶ 116-125).

2. The Complaint's allegations center on Plaintiffs' claim that Defendants participated in an elaborate scheme to acquire more than their "fair" share of tax liens during four of the Cook County Treasurer's annual tax sales conducted in 2002-2005 (Compl. ¶¶ 43-78).

3. On May 23, 2007, moving Defendants filed a Motion for Reassignment Based on Relatedness with Chief Judge James F. Holderman. Pursuant to Local Rule 40.4, the Motion for Reassignment Based on Relatedness requested that this case, *BCS Services, Inc. et al. v. Heartwood 88 Inc.*, No. 07 C 1367, ("*BCS Services*"), currently pending before Judge Moran, be reassigned to Judge Holderman's calendar because it is related and should ultimately be consolidated with another case before Judge Holderman, *Phoenix Bond & Indemnity Co., et al. v. John Bridge, et al.*, No. 05 CV 4095. ("*Phoenix Bond*")

4. The Motion of SASS Muni-IV, LLC and SASS Muni-V, LLC for Reassignment Based on Relatedness is still pending before Judge Holderman.

5. In addition, on May 23, 2007, moving Defendants filed a Motion to Dismiss Plaintiff's Complaint in *BCS Services* pursuant to Federal Rule of Civil Procedure 12(b)(6) and 9(b) with this Court for failure to state a claim.

6. The Motion to Dismiss, if granted, would be case dispositive, leaving no additional claims for the Court to adjudicate. Moving Defendants' Motion to Dismiss filed on May 23, 2007 is still pending before this Court.

7. As stated by counsel for Defendants at the pretrial appearance before this Court on May 24, 2007, all other Defendants have also filed or plan to file motions to dismiss Plaintiff's Complaint in *BCS Services*. According to the May 24, 2007 minute entry of this Court, all responses to Defendants' motions to dismiss are to be filed by July 18, 2007 and replies in support of motions to dismiss are to be filed by August 1, 2007. All of the Defendants' motions to dismiss are pending before this court.

8. Despite the pending motions before this court, on May 23, 2007, Plaintiffs issued five (5) subpoenas to banks with which Defendants conduct their business, requesting the following: "As to each person and/or entity on Exhibit A any documents or records relating to loans, loan applications, letters of credit, applications for letters of credit, collateral for any loans, agreements regarding collateral, payment of interest on any loans, guarantees, cashiers checks, account opening documents including signature cards, and/or written correspondence or e-mails between any bank employee and the person or entity." (U.S. Bank Subpoena is attached hereto as Exhibit "A").

9. The five (5) banks that are the targets of the subpoenas are the following:

- LaSalle Bank, N.A.
- U.S. Bank, N.A.
- Citibank
- Bank Atlantic
- Harris Bank

10. U.S. Bank is serves as a custodian for the moving Defendants.

11. The parties have not yet conferred as is required under Federal Rule of Civil Procedure 26(f).

12. Pursuant to Rule 37(a) and Local Rule 37.2, on May 31, 2007, counsel for the moving Defendants contacted Plaintiffs' counsel (Andrew Mathews) to seek Plaintiffs' agreement to voluntarily withdraw their subpoenas. Counsel for the moving Defendants received a response from Mr. Mathews on the afternoon of May 31, 2007 that his client is unable and unwilling to withdraw the subpoenas. The moving Defendants move to quash at this time because the banks upon which the subpoenas have been served may produce documents that contain highly sensitive and personal financial information, as well as proprietary, and confidential information, even before the return date of the subpoenas, and the Plaintiffs are competitors of Defendants.

## ARGUMENT

### I. LEGAL STANDARD

13. Motions to quash are within the sound discretion of the district court. *See Wollenburg v. Comtech Mfg. Co.*, 201 F.3d 973, 977 (7th Cir. 2000).

14. A district court should quash or modify a subpoena if it "requires disclosure of privileged or otherwise protected matter and no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). A district court may also quash a subpoena if it seeks the production of "trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(c)(3)(B)(i). The Seventh Circuit Court of Appeals has confirmed that "[d]istrict courts have broad discretion in matters relating to discovery." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). It has cautioned, however, that "[b]efore restricting discovery, the court should consider the totality of the circumstances, weighing the value of the material sought

against the burden of providing it, and taking into account society's interest in furthering the truthseeking function in the particular case before the court." *Id.* (internal quotation marks and citation omitted).

15. Federal Rule of Civil Procedure 26(c) provides that a court, upon motion by a party or person from whom discovery is sought, "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... that the disclosure or discovery not be had...." Rule 26(b)(2) grants additional discretion to the court to limit discovery in the event that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues.

**II. PLAINTIFFS MAY NOT SEEK DISCOVERY FROM ANY SOURCE BEFORE THE RULE 26(F) CONFERENCE.**

16. Federal Rule of Civil Procedure 26(d) directly mandates that, "Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Thus, in general, no formal discovery may be undertaken until the parties have met pursuant to Rule 26(f) and discussed a discovery plan.

17. Absent an agreement between the parties to commence discovery, a party may secure discovery before the case management conference by court order. *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-614 (D. Ariz. 2001). Pursuant to Rule 26 of the Federal Rules of Civil Procedure, a district court has wide discretion over the scope and

timing of discovery. See *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery."); *Patterson* at 681 (same).

18. A party seeking expedited discovery has the burden of showing good cause for the departure from the usual discovery procedures. *Qwest Communications International, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418 (D.Colo. 2003). Among the factors to be considered in determining an application for expedited discovery are (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if expedited relief is granted. *Cecere v. County of Nassau*, 258 F. Supp. 2d 184 (D.C.N.Y. 2003).

19. Here, the Plaintiffs' subpoenas are not appropriate under Federal Rule of Civil Procedure 26 because the parties have not held a Rule 26(f) conference, there is no agreement among the parties to commence discovery, and this Court has not granted an application for expedited discovery. Plaintiffs have prematurely, and without the consent of this Court or moving Defendants, inappropriately issued subpoenas. Such premature discovery undermines the Court's broad discretion to manage discovery. Moreover, Plaintiffs subpoenas undercut the purpose and function of the Rule 26(f) conference and agreed discovery plan. Without agreement or court order, Plaintiffs may not issue subpoenas and commence discovery. Plaintiffs' subpoenas must be quashed or discovery must be stayed.

### III. PLAINTIFFS' SUBPOENAS ISSUED TO THE BANKS ARE INTRUSIVE, OVERBROAD, AND OUTSIDE THE SCOPE OF THE LIMITATIONS ON DISCOVERY.

20. Plaintiffs' subpoenas seek overbroad information for each Defendant (both in a business and personal capacity) including: all loans and applications, all letters of credit and

applications, account opening documents including signature cards, and all written correspondence or emails between any bank employee and person or entity. Plaintiffs' subpoenas are intrusive, overbroad and outside the scope of discovery and as a result the motion to quash or stay discovery should be granted.

        A.    **Plaintiffs' Subpoenas Seek Highly Confidential Business Information Which is Irrelevant to This Dispute.**

21. In instances where a subpoena requires disclosure of a trade secret or other confidential or commercially sensitive information, "it should be quashed unless the party serving the subpoena shows a substantial need and the court can devise an appropriate accommodation to protect the interests of the party opposing such potentially harmful disclosure." Fed. R. Civ. P. 45, Advisory Committee Notes (1991 Amendment). The Court should "evaluate all the circumstances and balance, *inter alia*, the requesting party's need for the information and the potential prejudice imposed . . . ." *Insulate America v. Masco Corp.*, 227 F.R.D. 427, 432 (W.D.N.C. 2005). Where the potential harm to the moving party outweighs any benefit to the requesting party, the Court should grant the motion to quash. *See Mannington Mills, Inc. v. Armstrong World Industries, Inc.*, 206 F.R.D. 525, 529 (D. Del. 2002) ("this court is required to apply the balancing standards — relevance, need, confidentiality and harm."). Such documentation would include highly confidential personal and business financial information that is precisely the type of confidential competitive information. Highly sensitive information such as this requires the party seeking it to show that it is necessary and relevant. *See Insulate America,* 227 F.R.D. at 432 ("Courts have concluded that disclosure to a competitor is more harmful than disclosure to a non-competitor.").

22. Balancing Plaintiffs' apparent immediate need for this sensitive commercial and personal financial information and its limited relevance against the great harm providing such

information would cause moving Defendants, it is clear that Plaintiffs' subpoenas are inappropriate and should be quashed or discovery stayed.

        **B.**     **Plaintiffs' Subpoenas Are Overly Broad.**

23.     Plaintiffs' subpoenas are overbroad and go well beyond the limits of discovery under Rule 26 as they are not reasonably tailored to lead to the discovery of admissible evidence. Plaintiffs seek nearly every document from the five (5) banks that relate to bank's relationships with the Defendants. The subpoenas are not limited to business accounts and are not limited in time. The requests seek all variety of documents, including all documents regarding the letters of credit and other information that Defendants use to conduct their tax sale businesses. Such information is not narrowly tailored or reasonably likely to lead to the discovery of admissible information.

24.     Plaintiffs go much further, requesting a wide array of unrelated bank account information, including information relating to loans and all correspondence with the banks. Moreover, Plaintiffs' requests are not limited to business accounts, but also include personal bank accounts for the individual defendants named in this case. Because such requests are clearly a fishing expedition by Plaintiffs – who are competitors of Defendants -- into moving Defendants' sensitive bank accounts, and are not likely to yield any relevant or admissible information, the subpoenas should be quashed or discovery should be stayed.

        **C.**     **Plaintiffs' Subpoenas Are Intended To Harass And Annoy Defendants.**

25.     In the event that the Court denies Defendants well-supported motions to dismiss the Complaint it will become clear to the Court and possibly a jury that Plaintiffs instituted this litigation to prevent their competitors from succeeding in the tax sale business in which they are all engaged. In addition to the affront of having accused their competitors of engaging in fraudulent conduct, Plaintiffs seek to abuse the litigation process by prying into the various

Defendants' confidential business records to obtain a competitive advantage that they cannot otherwise obtain through a legitimate competitive market. As is belied by Plaintiffs' Complaint, the market for the purchase of tax liens has become increasingly competitive as the Cook County Treasurer's Office has implemented mechanisms to increase the number of bidders and keep delinquent tax payer penalties down. Compl., ¶¶ 28 (noting the rapid decrease in the typical penalty rate since 2000). Plaintiffs are using the litigation process to squelch that very competition.

26. The lack of any substantive connection between the information requested by the subpoena and this case demonstrates Plaintiffs' ulterior motive to harass and oppress the moving Defendants. Plaintiffs have sought to abuse the subpoena power to harass, annoy and embarrass Defendants by requiring the disclosure of their personal and competitively sensitive financial records. Defendants respectfully request the Court not allow such a tactic and grant moving Defendants' motion to quash the subpoenas issued to their banks or to stay discovery.

## IV. THE COMMENCEMENT OF DISCOVERY IS PREMATURE FOR THE ADDITIONAL REASON THAT A MOTION FOR REASSIGNMENT BASED ON RELATEDNESS IS PENDING

27. The Court should quash Plaintiffs' subpoenas or stay discovery in this case pending a ruling on the Defendants' motions to dismiss and also the moving Defendants' Motion for Reassignment Based on Relatedness. District courts are granted broad discretion to manage discovery and case scheduling. *See, e.g.*, Fed. R. Civ. P. 16; Fed. R. Civ. P. 26(d); *In re Fitch, Inc. v. UBS PaineWebber, Inc.*, 330 F.3d 104, 108 (2d. Cir. 2003) (stating that "'[a] trial court enjoys wide discretion in its handling of pre-trial discovery . . . .'") (citation omitted); *Patterson,* at 681. Specifically, it is within discretion of court to postpone discovery of issues relating to merits of case pending resolution of potentially dispositive motions, if such procedure is logical means to prevent wasting time and effort of all concerned and to make more efficient use of

judicial resources. *Coastal States Gas Corp. v. Department of Energy*, 84 F.R.D. 278, (D.C. Del 1979).

28. Here, it is more efficient to quash the Plaintiffs' subpoenas or to stay discovery pending a ruling on the motions to dismiss because it is uncertain which (if any) claims will survive. Moreover, it is unclear if this case will even remain with Judge Moran or be reassigned to Judge Holderman. Premature discovery should not precede rulings on these motions. Unless and until the Court denies the moving Defendants' motions to dismiss, as well as the Motion for Reassignment it is unnecessary, inefficient and unreasonable for Plaintiffs to seek such intrusive discovery of competitive financial information. Plaintiffs' subpoenas should be quashed or discovery should be stayed.

## CONCLUSION

For the foregoing reasons, moving Defendants respectfully request the Court quash the five (5) subpoenas issued and served by Plaintiffs and to stay all discovery pending further order of court.

DATED: May 31, 2007

Respectfully submitted,

DEFENDANTS SASS MUNI-IV, LLC and SASS MUNI-V, LLC

By: /s/ Theodore M. Becker
 One of Their Attorneys

Theodore M. Becker
Brandon Spurlock
Allyson Paflas
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Sixth Floor
Chicago IL  60601
Tel.:  312.324.1000
Fax:  312.324.1001