EXHIBIT B

1

```
 1
 2            IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF ILLINOIS
 3                      EASTERN DIVISION

 4   PHOENIX BOND & INDEMNITY    )
     COMPANY, et al.,            ) Docket No. 05 C 4095
 5                               )
              Plaintiffs,        ) Chicago, Illinois
 6                               ) September 27, 2005
          v                      ) 9:00 a.m.
 7                               )
     JOHN BRIDGE, et al.,        )
 8                               )
              Defendants         )
 9

10             TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE JAMES F. HOLDERMAN
11

12   PRESENT:

13   For the Plaintiffs:    LOWELL E. SACHNOFF
                            ARNOLD A. PAGNIUCCI
14                          JONATHAN L. MARKS
                            LISA A. KISTLER
15                          Sachnoff & Weaver, Ltd.
                            10 South Wacker Drive
16                          Chicago, Illinois  60606

17
     For Certain Defendants: THEODORE M. BECKER
18                           Morgan Lewis Bockius
                             77 West Wacker Drive
19                           Chicago, Illinois  60601

20
     For Certain Defendants: DAVID ROSENBLOOM
21                           McDermott, Will & Emery LLP (Chicago)
                             227 West Monroe Street
22                           Chicago, Illinois  60606-5096

23

24

25
```

```
                                                                    2

 1   PRESENT:   (Cont'd)

 2
     For Certain Defendants:   KEVIN J. CLANCY
 3                             Lewis & Gellen
                               200 West Adams Street
 4                             Chicago, Illinois  60606

 5
                               JOSEPH R. LEMERSAL
 6                             Nash, Lalich & Kralovec
                               53 West Jackson Boulevard
 7                             Chicago, Illinois  60604

 8
                               ELISHA S. ROSENBLUM
 9                             O'Halloran, Kosoff, Helander &
                                 Geitner, P.C.
10                             650 Dundee Road
                               Northbrook, Illinois  60062
11

12
     Court Reporter:           Lois A. LaCorte
13                             219 South Dearborn
                               Chicago, Illinois 60604
14                             (312) 435-5558

15

16

17

18

19

20

21

22

23

24

25
```

```
1    THE CLERK:  05 C 4095, Phoenix Bond & Indemnity, et al.,
2  v John Bridge, et al., status hearing, certain defendants'
3  motions to dismiss.
4    MR. SACHNOFF:  Good morning, your Honor, Lowell Sachnoff
5  for the plaintiffs.
6    MR. PAGNIUCCI:  Good morning, your Honor, Arnold
7  Pagniucci for the plaintiffs.
8    MR. MARKS:  Jonathan Marks on behalf of plaintiff Phoenix
9  Bond, your Honor.
10   MS. KISTLER:  Lisa Kistler on behalf of plaintiffs, your
11 Honor.
12   THE COURT:  Good morning to plaintiffs' counsel.  We
13 have got defense counsel here as well.
14   MR. BECKER:  Good morning, your Honor, Theodore Becker on
15 behalf of defendants John Bridge, Barrett Rochman, and Sabre
16 Group LLC.
17   MR. ROSENBLOOM:  Good morning, your Honor, David
18 Rosenbloom on behalf of Douglas Nash and certain affiliated
19 entities.
20   THE COURT:  Good morning.
21   MR. CLANCY:  Good morning, your Honor, Kevin Clancy on
22 behalf of Joseph Varan, Cronus, Gregory Ellis, LCC, GJ
23 Venture, and Robert Jensen.
24   MR. LEMERSAL:  Good morning, Judge, Joe Lemersal on
25 behalf of defendants Francis Alexander and Georgetown
```

Case: 1:05-cv-04095 Document #: 161-3 Filed: 06/01/07 Page 5 of 14 PageID #:1106

4

1  Investors LLC.
2      THE COURT: Good morning.
3      MR. ROSENBLUM: Good morning, Judge, Eli Rosenblum for
4  Baumbach, Jeffrey Bridge, Regal One, Optimum and Carpus.
5      THE COURT: There was one counsel who called my clerk,
6  he was having car trouble, and that counsel was -- let me just
7  ask my clerk since I'm having difficulty reading her
8  handwriting. Who was that counsel?
9      All right, Mr. Neal Ament, who represents several
10 defendants, as well primarily the Jesse Rochman, the Rochman
11 defendants, ERB as well. His car broke down on the way in, so
12 we will excuse his appearance this morning.
13     There are a number of motions to dismiss, and, of course,
14 in dealing with Rule 12(b)(6) motions to dismiss, I cannot
15 consider anything outside the allegations in the complaint,
16 and, of course, this complaint is rather substantial and
17 contains a number of factual statements and also a number of
18 attachments that provide additional support for the factual
19 circumstances that are alleged.
20     I have reviewed those, the complaint as well as your
21 motions, and although my first blush in reading the motions
22 was to think that perhaps you folks were going outside the
23 record, I think most of you have not gone outside the four
24 corners of the complaint.
25     Let me ask plaintiff's counsel what your position on that

1   is.
2       MR. SACHNOFF: Well, your Honor, two things. There is
3   also a motion for stay of discovery that's up this morning
4   too.
5       THE COURT: Right, we are going to address that later,
6   so let me put that aside.
7       MR. SACHNOFF: I don't believe that there is any
8   material or substantial factual allegations that are
9   inconsistent with the pleadings in the complaint.
10      Our position is simple, we don't think a stay of
11  discovery is proper, but in terms of responding to the motion
12  to dismiss --
13      THE COURT: Yes.
14      MR. SACHNOFF: 45 days we believe would be appropriate.
15      THE COURT: Okay. The only thing I found, and Mr.
16  Rosenbloom, it's your motion, you actually explained some of
17  your client's own business practices in connection with your
18  motion and I could not find any allegations in the complaint
19  that dealt with Nash's business practices. And so what I'm --
20  as I'm required to do if I consider your motion under
21  12(b)(6), I can't consider those additional factual
22  statements. Do you have a comment on that?
23      MR. ROSENBLOOM: Yes, your Honor, and those are, I
24  believe, in the introduction, as you will notice, and as --
25      THE COURT: In the introduction of the complaint?

1  MR. ROSENBLOOM: No, no, the introduction of our motion,
2  we refer to the model. The basis of the argument, as the
3  court is aware from having skimmed it, is that the allegations
4  do not state a mail fraud and you certainly don't have to rely
5  on the description we gave in terms of the overview to analyze
6  any part of that argument.
7  THE COURT: Okay, but I have to explicitly state on the
8  record that I'm not going to consider it or I have to convert
9  it to a Rule 56 motion for summary judgment.
10 So I'm going to explicitly state on the record that I am
11 not going to consider the statements made by the Nash
12 defendants as to their own business practices at all in making
13 the determination with regard to the 12(b)(6) motion.
14 MR. ROSENBLOOM: And that's fine, your Honor. Of course,
15 it's appropriate and proper. The only thing I was going to
16 distinguish is where we point out in argument the absence of
17 certain allegations, the absence of allegations that would
18 exclude other models of profit, you certainly don't have to,
19 and as the court has indicated, it's proper to exclude any
20 affirmative suggestion that that is the model because that
21 fact isn't before it, but at the same time, it's absolutely
22 appropriate for the court to consider the materiality of the
23 absence of certain other allegations when our argument is that
24 the failure to plead those allegations is in fact consistent
25 with our theory of why there is not a crime and therefore a

7

mail fraud or a RICO here.

THE COURT: Okay. Well, your position then is because of the absence, then it fails to state a claim.

MR. ROSENBLOOM: Correct.

THE COURT: All right. Well, having reviewed those and having made that explicit determination that I have to make so that I can consider that motion under Rule 12(b)(6), you had mentioned, Mr. Sachnoff, that you desired 30 days to respond.

MR. SACHNOFF: I initially said 30 days, but I think we would like 45 if that would be acceptable, your Honor.

THE COURT: Okay. I guess I should have caught you at the 30.

MR. SACHNOFF: I got a nudge from one of my partners on that.

THE COURT: Okay. Well, 45 days from today takes us to -- I'll ask my clerk to help me on this -- November 10. November 10 for responses, and if it's possible to segregate within the responses -- you can file one response if you want to or you can file multiple responses. If you file multiple responses, you get 15 pages for each response. So you may want to file multiple responses, one to each motion. It might be easier for you and then also for me and for the defendants to reply. But I leave that up to you. But November 10.

How much time then for reply?

MR. BECKER: Your Honor, would 21 days be satisfactory?

1    THE COURT:  Well, yes.  November 10th is a Thursday.
2  Two weeks after November 10th is Thanksgiving.
3    MR. BECKER:  Right.
4    THE COURT:  So it would be December 1 -- with the
5  holiday is 21 days still good?
6    MR. ROSENBLOOM:  What day of the week is December 1,
7  Judge?
8    THE COURT:  It's a Thursday.  It's the week after
9  Thanksgiving.
10   MR. ROSENBLOOM:  Could we propose the following Monday?
11   THE COURT:  That's what I was thinking.  December 5th,
12 Monday, December 5th.
13   MR. BECKER:  Thank you.  We appreciate that, your Honor.
14   THE COURT:  All right.  I'll rule by mail, setting
15 additional dates if necessary in the ruling.
16   Now, there is this request to stay discovery which we put
17 off until we set this briefing schedule.
18   Mr. Sachnoff, you had a comment about that?
19   MR. SACHNOFF:  Your Honor, our view is that a stay of
20 discovery at this time is not appropriate.  Your Honor has had
21 an opportunity to review the complaint.  Your Honor is well
22 aware that in Rule 26 the legal sufficiency is not a grounds
23 for granting a stay.  Stays are severely disfavored in this
24 court, and we believe that a stay would be inappropriate and
25 we should proceed promptly with discovery.

1  THE COURT: What discovery are you contemplating or --
2  first of all, what discovery have you already presented to the
3  defendants?
4  MR. SACHNOFF: None, your Honor.
5  THE COURT: Okay.
6  MR. SACHNOFF: There are two branches to it. One is the
7  initial discovery under Rule 26(a), we certainly would want
8  that to proceed immediately, and then our view is that we
9  would need discovery in three areas: interrogatories,
10 third-party subpoenas, and requests for document production,
11 not depositions at the first stage, but we believe that those
12 can proceed promptly and that we can arrange a discovery plan
13 in connection with a Rule 26(f) conference.
14 MR. BECKER: Your Honor, if I may.
15 THE COURT: Go ahead.
16 MR. BECKER: I was going to file a motion to stay
17 discovery as well on behalf of my three defendants.
18 THE COURT: Well, I'm going to consider the motion
19 having been made on all. Even though Mr. Clancy on behalf of
20 his clients is the moving party, I would stay as to all or
21 stay as to none. Go ahead.
22 MR. BECKER: One of the things I wanted to address is
23 that we are making a standing argument as a threshold
24 argument. As your Honor knows, Defendants Bridge and Rochman
25 and Sabre Group, John Bridge, Barrett Rochman, and Sabre

10

1  Group, and I believe that argument has been adopted by many,
2  if not all, the co-defendants.
3      As your Honor knows, this is a lawsuit among competitors
4  and it's going to be expensive and we also believe there will
5  be many issues of proprietary information and confidential
6  information that will come up at the very advent of discovery.
7      Since there is a standing argument, and frankly, we
8  believe a very strong one, we think that that is an additional
9  compelling reason for your Honor to exercise your discretion
10 and stay discovery.
11     Failing that, we -- I talked to Mr. Sachnoff before court
12 and he had requested, unless your Honor seeks to rule today, a
13 short briefing schedule on the motion to stay discovery.  I
14 would like plaintiffs to address specifically what discovery
15 they think is necessary in view of the pendency of the
16 standing motion, and then I could file a short reply.  I think
17 we could do that all within the space of eight days.
18     THE COURT:  Okay.  Well, I was thinking I would just
19 rule on this today, and the reason for it was it would seem to
20 me that we would find out what discovery the plaintiffs were
21 contemplating by their serving the discovery, and if it is
22 burdensome or seeks confidential information or is of the type
23 of discovery that would be inappropriate, you can let me know
24 that and we can address it.
25     But it seems to me that we should at least have this

1  initial discovery, this Rule 26(a)(1) discovery that you
2  contemplated, that can't be that burdensome, and then, Mr.
3  Sachnoff, you're only contemplating interrogatories and
4  document requests at this point. You won't be precluded from
5  serving further interrogatories except you have to stay within
6  the time limit.
7      MR. SACHNOFF: Sure.
8      THE COURT: The number limit under the Federal Rules of
9  Civil Procedure unless there is further agreement or I find
10 that there is good cause for it.
11     So I'm going to allow the discovery, I'm going to deny
12 the motion to stay discovery, but let me encourage all parties
13 to be sparing on this at this time and to focus the discovery
14 on those issues that need to be focused on at this point, so
15 that we can number one, lay the foundation if I deny the
16 motions to dismiss for further discovery or we can address
17 whatever issues there need to be addressed at the outset of
18 the discovery.
19     MR. SACHNOFF: Sure.
20     THE COURT: I mean, let's not -- you are competitors.
21 Focus it.
22     MR. SACHNOFF: We will focus it, your Honor.
23     THE COURT: Let's not go looking for the other side's
24 internal analysis of their pricing structures or their
25 analysis of how they conduct their business, all right?

1  MR. SACHNOFF: We will do that, your Honor.
2  THE COURT: Anything else we need to take up today?
3  MR. ROSENBLOOM: Following up briefly, to clarify, my
4  understanding is the court would like to see some discovery,
5  judicious discovery proceed.
6  THE COURT: I'm allowing it to proceed at this point
7  since the parties or since the plaintiffs desire it.
8  MR. ROSENBLOOM: Am I correct that there is nothing in
9  your statement that would suggest that you were anticipating
10 there would not be reciprocal discovery?
11 THE COURT: As I said, it's for all or it's for none,
12 and so yes, you may proceed with reciprocal discovery
13 immediately. 26(a)(1) disclosures need to be made from,
14 provided from the plaintiffs and interrogatories and document
15 requests. Let's stick with that. No depositions at this
16 point, but let's stick with that, and yes, both sides may
17 proceed.
18 MR. SACHNOFF: Your Honor, you had asked me what
19 discovery. I said interrogatories, document requests, and
20 several third-party subpoenas.
21 THE COURT: Oh, third-party subpoenas.
22 MR. SACHNOFF: Only three, and they will be narrowly
23 focused.
24 THE COURT: All right. Well, third-party subpoenas we
25 will allow because I assume those are primarily for documents.

```
 1      MR. SACHNOFF:  Correct.
 2      THE COURT:  And to the extent that you need to take
 3  depositions to authenticate the documents or better understand
 4  or lay foundations for the documents, you may certainly do so.
 5      MR. SACHNOFF:  Fine.  Thank you, your Honor.
 6      THE COURT:  And that's both sides.
 7      MR. BECKER:  Reciprocal, thank you, your Honor.
 8      THE COURT:  It applies to everybody.
 9  Anything else?
10      MR. ROSENBLOOM:  No, thank you, your Honor.
11      MR. BECKER:  Thank you very much, your Honor.
12      THE COURT:  Thank you.
13        *                   *                   *
14      I certify that the above is a true and correct
15  transcript of proceedings had in the above matter.
16
17
18                              _____
                                    Lois A. LaCorte
19
20
21
22
23
24
25
```