# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PHOENIX BOND & INDEMNITY, CO., et al. ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 05 C 4095 |
| ) | |
| JOHN BRIDGE, et al. ) | Judge James Holderman |
| ) | Magistrate Judge Nan Nolan |
| Defendants. ) | |
| ) | |

## REQUEST FOR RULING AND MOTION FOR LEAVE TO SUPPLEMENT PLAINTIFFS' RESPONSE TO MOTION TO QUASH FILED BY DEFENDANTS JOHN BRIDGE, BARRETT ROCHMAN AND SABRE GROUP, LLC

[FILED COPY HAS BEEN REDACTED PURSUANT TO PROTECTIVE ORDER ENTERED ON NOVEMBER 29, 2005. THIS BRIEF AND THE EXHIBITS CONTAIN INFORMATION DESIGNATED AS HIGHLY CONFIDENTIAL AND MUST BE MAINTAINED IN ACCORDANCE WITH THE NOVEMBER 29, 2005 PROTECTIVE ORDER]

Defendants John Bridge, Barrett Rochman, and Sabre Group, LLC (the "Sabre Defendants") filed a motion to quash subpoenas (the "Motion") that Plaintiffs had served on various banks on October 24, 2005. That motion has been fully briefed since November 18, 2005. This Court's resolution of the Motion has been stayed while the Seventh Circuit considered and then reached its decision to reverse the order dismissing the complaint. *See Phoenix Bond & Indemnity Co. v. John Bridge*, 477 F.3d 928, 931-32 (7th Cir. 2007). Now that the Seventh Circuit has concluded that Plaintiffs have standing and has remanded this case to proceed, Plaintiffs respectfully ask the Court to rule on the fully briefed Motion.

In connection with this request, Plaintiffs move for leave to supplement their response to the Motion by informing the Court of certain recent events that directly impact earlier arguments raised by the Sabre Defendants.

The subpoenas seek information from banks that will enable Plaintiffs to determine whether the defendants have common finances or common sources of funds. If so, that evidence would directly prove the scheme alleged by plaintiffs. Under the Single Bidder Rule referred to in the complaint, each defendant filed registration statements with the Cook County Treasurer in order to participate in annual tax sales. In those registrations, each defendant represented that it had no common finances or common source of funds with other tax buyers. Bank documents showing common finances or common source of funds relate directly to whether the defendants obtained access to the tax sales by filing fraudulent registrations.

Much of Sabre Defendants' arguments centered on preventing discovery pending the resolution of the motions to dismiss. The Seventh Circuits' decision resolves this issue. Sabre Defendants also argued that the documents plaintiffs sought contain confidential information. The entry of a protective order in this case on November 29, 2005 resolves this second issue.

Sabre Defendants' remaining substantive argument is that the subpoenas were overbroad and designed to harass as the subpoenas requested information from "personal bank accounts for the individual defendants named in the case." (Reply, p. 2.) In replying to plaintiffs' explanation why such information is relevant and appropriate, Sabre Defendants asserted that plaintiffs' speculation that "the information will show 'that certain Defendants provided the necessary collateral to other Defendants in violation of the County [bidding] rules" was an unwarranted "fishing expedition." (Reply, p. 3-4.)

[REDACTED]



[REDACTED]

[REDACTED] It is thus clear that far from being products of a "fishing expedition," bank records have become critical pieces of evidence documenting defendants' scheme.

Documents are needed from the banks as the only reliable source of full and complete records. For example, 

[REDACTED]

[REDACTED]

[REDACTED] If these are the type of documents Sabre Defendants assert are confidential, it is clear from those designations, in conjunction with Sabre Defendants' assertions about bank documents generally, that Sabre Defendants have an overly broad interpretation of confidential documents. Bank records that Sabre Defendants appear to be considering as confidential typically do not meet the definition of confidential documents warranting protection. *See United States v. Miller*, 425 U.S. 435, 442 (1976) (a bank customer's documents that are accessible to bank employees in the regular course of their work are not confidential); *Najjar v. U.S. Dept. of Treasury*, No. 102CV1807JDTWTL, 2003 WL 21254772, at *2 (S.D. Ind. Apr. 11, 2002) (citing *Miller,* 425 U.S. at 442) ("there is no legitimate

expectation of privacy in the contents of checks, deposit slips or bank statements in a bank's possession.").

Plaintiffs respectfully submit that these subsequent events eliminate any support for Sabre Defendants' motion to quash. It simply cannot be enough that third parties have documents damning to defendants' position to prevent a plaintiff from obtaining those documents. Sabre Defendants have delayed discovery long enough. Plaintiffs' motion to supplement its brief with these subsequent facts should be granted and Sabre Defendants' motion to quash should be denied.

Dated: July 2, 2007

Respectfully submitted,

**Plaintiffs Phoenix Bond & Indemnity Co. and BCS Services, Inc.**

By: /s/ John W. Moynihan
One of Their Attorneys

| | |
|---|---|
| Jonathan L. Marks (ARDC No. 6227066) | David A. Bohan (ARDC No. 3122194) |
| KATTEN MUCHIN ROSENMAN LLP | John W. Moynihan (ARDC No. 6212061) |
| 525 West Monroe Street | SACHNOFF & WEAVER, LTD. |
| Chicago, Illinois 60661 | 10 South Wacker Drive, Suite 4000 |
| (312) 902-5337 | Chicago, Illinois 60606 |
| | (312) 207-1000 |

# CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2007, a copy of the foregoing REQUEST FOR RULING AND MOTION FOR LEAVE TO SUPPLEMENT PLAINTIFFS' RESPONSE TO MOTION TO QUASH FILED BY DEFENDANTS JOHN BRIDE, BARRETT ROCHMAN AND SABRE GROUP, LLC was filed electronically. Notice of this filing will be sent by e-mail to the following parties by operation of the Court's electronic filing system [or by U.S. Mail, postage pre-paid, to anyone unable to accept electronic filing]. As, per the November 29, 2005 Protective Order, the Motion has been substantially redacted, a copy of the Motion with Exhibits has also been sent by U.S. Mail, postage pre-paid, to each of the following parties and has been sent by pdf to these same parties:

| *Counsel for Defendants John Bridge, Barrett Rochman and Sabre Group, LLC* | Theodore M. Becker<br>Brandon L. Spurlock<br>James E. Bayles, Jr.<br>MORGAN LEWIS & BOCKIUS LLP<br>77 West Wacker Drive, 5th Floor<br>Chicago, Illinois 60601<br>(312) 324-1000<br>tbecker@morganlewis.com<br>jbayles@morganlewis.com<br>bspurlock@morganlewis.com<br><br>Jennifer B. Jordan<br>MORGAN LEWIS & BOCKIUS LLP<br>1701 Market Street<br>Philadelphia, Pennsylvania 19103<br>(215) 963-5959<br>jjordan@morganlewis.com |
|---|---|

| | |
|---|---|
| *Counsel for Defendants Robert Jensen, Joseph Varan, Cronus Projects, LLC, Gregory Ellis, GJ Venture, LLC, and L.C.C. Venture, LLC* | Kevin J. Clancy<br>Martin W. McManaman<br>Patrick R. Moran<br>LOWIS & GELLEN LLP<br>200 West Adams Street, Suite 1900<br>Chicago, Illinois 60606<br>(312) 364-2500<br>kclancy@lowis-gellen.com<br>martym@lowis-gellen.com<br>pmoran@lowis-gellen.com |
| *Counsel for Defendants Jeffrey Bridge, Regal One, LLC, Jason Baumbach, Optimum Financial, Inc., and Carpus Investments, LLC* | Elisha S. Rosenblum<br>Clifford G. Kosoff<br>O'HALLORAN, KOSOFF, GEITNER & COOK, P.C.<br>650 Dundee Road, Suite 475<br>Northbrook, Illinois 60062<br>(708) 291-0200<br>esrosenblum@okgc.com<br>ckosoff@okgc.com |
| *Counsel for Defendants Douglas Nash, DRN II, Inc., Jeshay, LLC, and Mud Cats Real Estate, LLC* | Mark F. Wolfe<br>Janet A. Flynn<br>BOLLINGER, RUBERRY & GARVEY<br>500 West Madison Street, Suite 2300<br>Chicago, Illinois 60606-2511<br>(312) 466-8000<br>mark.wolfe@brg-law.net<br>janet.flynn@brg-net.net |
| *Counsel for Defendants Frances Alexander and Georgetown Investors, LLC* | Michael J. Kralovec<br>Joseph R. Lemersal<br>Sara R. McClain<br>NASH, LALICH & KRALOVEC, LLC<br>53 West Jackson Boulevard, Suite 1102<br>Chicago, Illinois 60604<br>(312) 788-1211<br>mkralovec@nlklaw.com<br>jlemersal@nlklaw.com<br>smcclain@nlklaw.com |

| *Counsel for Defendants Jesse Rochman, Corinne Rochman, Christopher Rochman, BRB Investments, LLC, and CCJ Investments, LLC* | Neil S. Ament<br>LAW OFFICE OF NEIL S. AMENT<br>1955 Shermer Road, Suite 400<br>Northbrook, Illinois 60062<br>(847) 253-0700<br>litg8rrr@aol.com |
|---|---|

                                      /s/ John W. Moynihan
                                        John W. Moynihan

962994

# EXHIBIT 1

# REDACTED

# EXHIBIT 2

# REDACTED