IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PHOENIX BOND & INDEMNITY CO., BCS SERVICES, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 05 C 4095 |
| JOHN BRIDGE, BARRETT ROCHMAN, SABRE GROUP LLC, ROBERT JENSEN, JOSEPH VARAN, CRONUS PROJECTS, LLC, JEFFREY BRIDGE, REGAL ONE, LLC, CCJ INVESTMENTS, LLC, DRN II, INC., FRANCIS ALEXANDER, GEORGETOWN INVESTORS, LLC, JASON BAUMBACH, OPTIMUM FINANCIAL, INC., L.C.C. VENTURE, LLC, JESHAY, LLC, JESSE ROCHMAN, CHRISTOPHER ROCHMAN, CORINNE ROCHMAN, BRB INVESTMENTS, LLC, DOUGLAS NASH, MUD CATS REAL ESTATE, LLC, CARPUS INVESTMENTS, LLC, GREGORY ELLIS, GJ VENTURE, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Chief Judge James Holderman<br><br>Magistrate Judge Maria Valdez |
| Defendants. | ) ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF REQUEST FOR RULING AND
MOTION FOR LEAVE TO SUPPLEMENT PLAINTIFFS' RESPONSE
TO MOTION TO QUASH FILED BY DEFENDANTS
JOHN BRIDGE, BARRETT ROCHMAN AND SABRE GROUP, LLC**

[FILED COPY HAS BEEN REDACTED PURSUANT TO PROTECTIVE ORDER ENTERED ON NOVEMBER 29, 2005. THIS MEMORANDUM CONTAINS INFORMATION DESIGNATED AS HIGHLY CONFIDENTIAL AND MUST BE MAINTAINED IN ACCORDANCE WITH THE NOVEMBER 29, 2005 PROTECTIVE ORDER]

The continued opposition by Defendants John Bridge, Barrett Rochman, and Sabre Group, LLC ("Sabre") (collectively, the "Sabre Defendants") to the subpoenas served on various banks in October/November 2005 can be summed up in one word: DELAY. The deficiencies of the arguments in their Supplemental Reply Memorandum ("Response") are so apparent that the conclusion must be that the only remaining purpose for their motions to quash is to prevent plaintiffs, for as long as possible, from obtaining "smoking guns" from independent third parties that the Sabre Defendants and other defendants have not yet produced. Not only do the Sabre Defendants ignore the scope of discovery provided for in the Federal Rules of Civil Procedure, their arguments miscast or ignore two separate orders already entered in this case that conflict with their positions. The Sabre Defendants compound those errors by misstating the facts regarding the Rule 37 discovery conference. This court should end the Sabre Defendants' misuse of the discovery process by denying their motion to quash, thus enabling plaintiffs to proceed, consistent with the court's July 23, 2007 order, with discovery.

## I. THE SABRE DEFENDANTS FAILED TO COMPLY WITH RULE 37.

The failure of the *Sabre Defendants* to comply with Rule 37 standing alone is a basis to deny their motion to quash. Rule 37 requires a party to engage in a good faith effort to resolve a discovery dispute with the opposing party prior to filing any discovery motion. The Sabre Defendants, not plaintiffs, filed the motion to quash. As explained in plaintiffs' opposition brief (Docket Entry No. 84), the Sabre Defendants filed the motion to quash without complying with Rule 37. Thus, the Sabre Defendants' assertion that plaintiffs have somehow violated Rule 37 related to the motion to quash is untenable.

Further, the Sabre Defendants' assertion that "plaintiffs counsel have repeatedly rejected Movants' requests for a further discovery conference" is misleading at best. (Sabre Resp. at 5.) On June 22, 2007, *plaintiffs* initiated a discovery conference with the Sabre Defendants. The

1

Sabre Defendants explained, consistent with their *modus operandi* of delay, that their position was that discovery should be stayed for a variety of reasons, to wit: the pendancy in both cases of motions to dismiss, the fact that plaintiffs had not at that time filed their amended complaint, that Judge Holderman had two years ago directed discovery to be limited, and that plaintiffs seek purportedly confidential and proprietary information. (*See* Email from Brandon Spurlock on June 22, 2007, at 2:30 p.m., Exhibit 3 hereto.) The Sabre Defendants also demanded, with a baseless threat of sanctions, that plaintiffs initiate a Rule 37 conference with all the other defendants' counsel to resolve the disputes between plaintiffs and the Sabre Defendants. But Rule 37 does not require that the conference include all parties in the litigation, as opposed to simply the movant and the party who the movant asserts has "fail[ed] to make the discovery." Fed. R. Civ. P. 37(a)(2)(B).[1] The real reason for the demand, and the threat, is revealed by the Sabre Defendants' assertion that such a conference would have to be delayed for nearly three weeks (or more). (*See* Email from Ted Becker on June 22, 2007, at 10:58 a.m., Exhibit 4 hereto.) In light of the Sabre Defendants' untenable positions and delay tactics, plaintiffs filed the three discovery related motions currently before this court, including the motion to supplement their opposition to the motion to quash.

II. **SABRE DEFENDANTS' OPPOSITION CONFLICTS WITH THE FEDERAL RULES OF CIVIL PROCEDURE, THE COURT'S NOVEMBER 29, 2005 ENTRY OF THE PROTECTIVE ORDER, AND THE COURT'S JULY 23, 2007 ORDER DENYING ANY FURTHER STAY ON DISCOVERY.**

As this court has acknowledged, "[t]he Federal Rules of Civil Procedure contemplate broad discovery." *Sullivan v. Conway*, No. 93 C 4947, 1995 WL 573421, at *1 (N.D. Ill. Sept. 27, 1995) (Holderman, J.) "Requests for discovery are relevant if there is any possibility

---

[1] No other defendants have joined the Sabre Defendants' Motion to Quash.

that the information sought may be relevant to the subject matter of the action." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006) (Denlow, M.J.) (citations omitted). A plaintiff does not have to prove its case before it is entitled to discovery; nor does the information requested in discovery even have to be admissible at trial. Even information that is not admissible may be sought "as long as [it] 'appears reasonably calculated to lead to the discovery of admissible evidence.'" *Sullivan*, 1995 WL 573421, at *1. *See also Clark v. Experian Information Solutions, Inc.*, No. 03 C 7882, 2006 WL 931677, at *3 (N.D. Ill. Apr. 10, 2006) (Holderman, J.).

### A. The Subpoenas Seek Information That Is Directly Relevant To Defendants' Fraudulent Scheme.

The subpoenas must be weighed against those broad standards. The Sabre Defendants argue that the subpoenas are overbroad and seek irrelevant information. They identify the following categories of documents as objectionable: "all loans and applications, all letters of credit and applications, account opening documents including signature cards, and all written correspondence between any bank employees and person or entity" on Exhibit A attached to the subpoena. (Sabre Resp. at 7 (emphasis in original).) Plaintiffs allege that defendants obtained access to the Cook County annual tax lien sales by filing fraudulent registration applications with the Cook County Treasurer. Plaintiffs allege that the fraudulent statements in the applications included, among other misrepresentations, that each defendant had no common source of funds with another tax buyer, no common finances with another tax buyer, and would not violate the Single Bidder Rule by participating in the tax sale at the same time as an entity related to any other participant. In fact, the registration form that participants in annual tax sales must file in order to bid at a tax sale specifically requires participants to represent under oath that they do not have a "common source of funds" or "finances in common" with another participant. (A sample

3

of these registration forms is attached to this Reply as Exhibit 5.) The categories of documents challenged by the Sabre Defendants directly address the accuracy of these representations about funding.2

The Sabre Defendants' additional assertion that production should be limited to business accounts and solely to the business of buying and selling tax liens lacks merit. The fraudulent representations in the applications contain no such limitations.

**[REDACTED]**

The Sabre Defendants' response to the obvious impact of these documents is unsupportable and internally inconsistent.

---

2 The Sabre Defendants insinuate that the court's order on the motions to dismiss in the related *BCS v. Heartwood* case limits discovery to pre-sale agreements. As discussed in plaintiffs' Reply in Support of the Motion to Compel, neither that order nor the defendants' argument supports a limitation on discovery. More importantly, that argument has no bearing regarding the subpoenas.

**[REDACTED]** As such, the relevancy of the information requested is independent of the transfer of liens.

[REDACTED]

[REDACTED]

[REDACTED]

**B.     The Protective Order Entered By The Court On November 29, 2005, Resolved The Sabre Defendants' Confidential Document Objection.**

The Sabre Defendants object that plaintiffs, their competitors, will obtain defendants' confidential banking records, thereby obtaining a competitive advantage. As a threshold matter, confidential information is not privileged and a party "has no absolute right to refuse to divulge the information sought on those grounds." *National Util. Serv., Inc. v. Northwestern Steel & Wire Co.*, 426 F.2d 222, 227 (7th Cir. 1970). Where the producing party seeks to protect its purportedly confidential information, the appropriate response is to move for a protective order. *Id.* at 227 n.1. On November 29, 2005, the court entered a stipulated protective order in this case (the "Protective Order"). (Docket Entry No. 111.) The Sabre Defendants' argument that the bank records should not be produced because the documents purportedly contain confidential information that must be concealed from its competitors ignores the Protective Order entered to address that specific objection.

Further, the Sabre Defendants' mere assertions that the information is confidential, without more, are insufficient to warrant protection.[3] The Sabre Defendants have offered no evidence that the bank records requested by the plaintiffs should be protected under the Protective Order or, more broadly, Rule 26(c)(7).

Finally, the Sabre Defendants have demonstrated an overly expansive understanding of what constitutes confidential information worthy of protection under Rule 26(c)(7).

[REDACTED] The Sabre Defendants cannot preclude production of the requested documents by claiming the documents contain confidential information.

### C. The July 23, 2007 Order Rejected The Sabre Defendants' Effort To Restrict Discovery.

In response to the discovery motions plaintiffs filed in early July 2007, the Sabre Defendants moved to stay discovery. On July 23, 2007, the court denied that motion. The Sabre Defendants misstate that the court's statements "show[ed] that the scope of discovery should be limited." (Sabre Resp. at 5.) The court's statement underlying the basis for its decision clearly explained that defendants' arguments could not support a requested limitation on discovery.

---

[3] "[T]he party seeking protection bears the burden of establishing: (1) that the information is in fact a trade secret or confidential commercial information and (2) that there is good cause to protect the information." *Culinary Foods, Inc. v. Raychem Corp.*, 151 F.R.D. 297, 300 (N.D. Ill. 1993). Conclusory statements of counsel do not satisfy that burden. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981) ("a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements" is necessary to support a request for a protective order).

(Docket Entry No. 192, at 2 ("Considering that discovery in this case has in essence already been in a de facto stay for two years while the appeal of this case was pending, the court has decided that, in the interests of judicial economy, discovery should not be stayed.").) The court also considered that the Seventh Circuit already reversed the dismissal of the case as a factor precluding a further delay of discovery. (*Id.*) Finally, while the court indicated that it understood defendants' concerns about misuse of discovery by competitors, the court refused to impose any limitations or restrictions beyond those this court would apply in resolving discovery disputes under the Federal Rules pursuant to the referral. (*Id.*)

Faced with the court's recent rejection of their effort to continue restricting discovery, the Sabre Defendants ask this court to ignore that ruling and "enforce" the court's discussion in 2005 during the denial of its prior motion to stay, a motion which the court also denied. As discussed in plaintiffs' opposition brief (Docket Entry No. 84, at 4-5, 7-8), the subpoenas did not violate any restriction imposed by the court before the de facto stay. But that issue is now moot. Given the two year de facto stay, the court rejected any further limitation on discovery to ensure judicial economy. The only relevant question is whether the subpoenas are "improper discovery requests" that this court must limit pursuant to the Federal Rules. As discussed above, the subpoenas are entirely proper.

### III. THE PROPOSED PROCEDURE IS UNNECESSARY AND WOULD SIMPLY INJECT ANOTHER OPPORTUNITY FOR SABRE DEFENDANTS TO IMPROPERLY DELAY DISCOVERY.

**[REDACTED]**

That procedure is unnecessary and improper. This court decides whether the subpoenas request categories of documents that are relevant or likely to lead to the discovery of relevant

8

information. *See Orange v. Burge*, No. 04 C 168, 2006 WL 2567786, at *2 (N.D. Ill. Aug. 15, 2006) (Holderman, C.J.) (District Courts have broad discretion to resolve discovery disputes.). Defendants are not and cannot be permitted to decide which records in the possession of a third party are relevant to a plaintiff's case, and there is no authority for allowing such a filter.

**[REDACTED]** Civil discovery simply does not permit parties to interfere in the functioning of third party discovery in this way.

The Sabre Defendants also propose that the documents produced *by the banks* be reviewed by the defendants to identify documents that are confidential and highly confidential. That proposal is similarly flawed and highlights the specious nature of the Sabre Defendants' analysis of what constitutes a confidential document.

If a bank had information that was subject to a confidentiality agreement with its customer, the bank would be required by such agreement to assert the confidentiality of the information. If no such confidentiality agreement exists, then defendants have not maintained the documents as confidential and cannot now contend that the documents should be withheld. *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 341 (N.D. Ill. 1998) (protection of documents under Rule 26(c)(7) requires that the party seeking to restrict access to the documents took sufficient "measures [] to guard the information's secrecy," such as keeping the documents in locked files, providing the information to employees and consultants only on a need-to-know basis, and requiring those who receive the information to sign confidentiality agreements.). *See also Miller*, 425 U.S. at 440 (finding documents maintained by a bank are "the business records of the

banks," and, therefore, the bank's customer has no protectible privacy interest in the documents in the banks' possession); *Rotoworks*, 2007 WL 1219716, at *2 (citing *Miller*, the court denied a motion for a protective order in civil litigation as to bank records, holding that "[s]uch records are not confidential communications but are, rather, instruments of commercial transactions and the business records of the bank. . . . Accordingly, the bank records at issue here are subject to discovery and do not warrant protection under Federal Rule of Civil Procedure 26(c)(7).").

Defendants' claimed need to review the banks' documents to be able to identify confidential documents is perhaps the clearest explanation of why defendants cannot use the Protective Order to conceal a bank's records. If a bank is unable to identify documents that are subject to a confidentiality provision, then the documents are clearly neither marked as confidential nor segregated by the banks as such. Under these circumstances, the defendants would not have taken appropriate steps to guard the documents' secrecy sufficient to warrant protection pursuant to Rule 26(c)(7).

## CONCLUSION

For the reasons stated above, the Sabre Defendants' motion to quash the subpoenas should be denied, and their proposed procedure to subject the banks' documents to defendants' approval before production should be rejected.

Dated: September 18, 2007

PHOENIX BOND & INDEMNITY, CO. and
BCS SERVICES, INC.

By: __s/ John W. Moynihan__
      One of Their Attorneys

Jonathan L. Marks (ARDC No. 6227066)  
KATTEN MUCHIN ROSENMAN LLP  
525 West Monroe Street  
Chicago, Illinois 60661  
(312) 902-5337  

David A. Bohan (ARDC No. 3122194)  
John W. Moynihan (ARDC No. 6212061)  
Andrew L. Mathews (ARDC No. 6279672)  
REED SMITH LLP  
10 South Wacker Drive, Suite 4000  
Chicago, Illinois 60606  
(312) 207-1000  

US_ACTIVE-8106819.3

# CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2007, a copy of the foregoing PLAINTIFFS' REPLY IN SUPPORT OF REQUEST FOR RULING AND MOTION FOR LEAVE TO SUPPLEMENT PLAINTIFFS' RESPONSE TO MOTION TO QUASH FILED BY DEFENDANTS JOHN BRIDGE, BARRETT ROCHMAN AND SABRE GROUP, LLC was filed electronically. Notice of this filing will be sent by e-mail to the following parties by operation of the Court's electronic filing system [or by U.S. Mail, postage pre-paid, to anyone unable to accept electronic filing]. As, per the November 29, 2005 Protective Order, the Motion has been substantially redacted, a copy of the Motion with Exhibits has also been sent by U.S. Mail, postage pre-paid, to each of the following parties and has been sent by pdf to these same parties:

| *Counsel for Defendants John Bridge, Barrett Rochman and Sabre Group, LLC* | Theodore M. Becker<br>Brandon L. Spurlock<br>James E. Bayles, Jr.<br>MORGAN LEWIS & BOCKIUS LLP<br>77 West Wacker Drive, 5th Floor<br>Chicago, Illinois 60601<br>(312) 324-1000<br>tbecker@morganlewis.com<br>jbayles@morganlewis.com<br>bspurlock@morganlewis.com<br><br>Jennifer B. Jordan<br>MORGAN LEWIS & BOCKIUS LLP<br>1701 Market Street<br>Philadelphia, Pennsylvania 19103<br>(215) 963-5959<br>jjordan@morganlewis.com |

| | |
|---|---|
| *Counsel for Defendants Robert Jensen, Joseph Varan, Cronus Projects, LLC, Gregory Ellis, GJ Venture, LLC, and L.C.C. Venture, LLC* | Kevin J. Clancy<br>Martin W. McManaman<br>Patrick R. Moran<br>LOWIS & GELLEN LLP<br>200 West Adams Street, Suite 1900<br>Chicago, Illinois 60606<br>(312) 364-2500<br>kclancy@lowis-gellen.com<br>martym@lowis-gellen.com<br>pmoran@lowis-gellen.com |
| *Counsel for Defendants Jeffrey Bridge, Regal One, LLC, Jason Baumbach, Optimum Financial, Inc., and Carpus Investments, LLC* | Elisha S. Rosenblum<br>Clifford G. Kosoff<br>O'HALLORAN, KOSOFF, GEITNER & COOK, P.C.<br>650 Dundee Road, Suite 475<br>Northbrook, Illinois 60062<br>(708) 291-0200<br>esrosenblum@okgc.com<br>ckosoff@okgc.com |
| *Counsel for Defendants Douglas Nash, DRN II, Inc., Jeshay, LLC, and Mud Cats Real Estate, LLC* | Mark F. Wolfe<br>Janet A. Flynn<br>BOLLINGER, RUBERRY & GARVEY<br>500 West Madison Street, Suite 2300<br>Chicago, Illinois 60606-2511<br>(312) 466-8000<br>mark.wolfe@brg-law.net<br>janet.flynn@brg-net.net |
| *Counsel for Defendants Frances Alexander and Georgetown Investors, LLC* | Michael J. Kralovec<br>Joseph R. Lemersal<br>Sara R. McClain<br>NASH, LALICH & KRALOVEC, LLC<br>53 West Jackson Boulevard, Suite 1102<br>Chicago, Illinois 60604<br>(312) 788-1211<br>mkralovec@nlklaw.com<br>jlemersal@nlklaw.com<br>smcclain@nlklaw.com |

| | |
|---|---|
| ***Counsel for Defendants Jesse Rochman, Corinne Rochman, Christopher Rochman, BRB Investments, LLC, and CCJ Investments, LLC*** | Neil S. Ament<br>LAW OFFICE OF NEIL S. AMENT<br>1955 Shermer Road, Suite 400<br>Northbrook, Illinois 60062<br>(847) 253-0700<br>litg8rrr@aol.com |

/s/ John W. Moynihan
      John W. Moynihan