# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | Maria Valdez |
|---|---|---|---|
| **CASE NUMBER** | 05 C 4095 | **DATE** | 7/29/2008 |
| **CASE TITLE** | Phoenix Bond & Indemnity Co., et al., vs. Bridge et al., | | |

**DOCKET ENTRY TEXT**

Defendants' Motion to Quash [81] is GRANTED. However, Plaintiffs are given leave to redraft the requests consistent with this Order. The parties are reminded to meet and confer before filing any further motion on this issue.

■[ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

John Bridge, Barrett Rochman, and Sabre Group, LLC ("Defendants") have moved to quash Plaintiff Phoenix Bond & Indemnity *et al.*'s ("Plaintiffs") subpoenas to obtain documents from ten nonparty entities [Doc. No. 81]. Plaintiffs sued Defendants for alleged violations of sections 1962(c) and 1962(d) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), tortious interference with prospective business advantage, and violating the Cook County Single Simultaneous Bidder Rule ("County Rule"). For the reasons stated below, Defendants' Motion to Quash is GRANTED.

Plaintiffs issued ten nonparty subpoenas to banks that have a business relationship with Defendants. After the Court held oral arguments on July 22, 2008, the Defendants narrowed their objections to three arguments: (1) whether the information sought by the subpoenas is discoverable; (2) whether the subpoenas seek classified and private information; and (3) if the subpoenas are not quashed, whether Defendants may mark bank documents "confidential" or "highly confidential" pursuant to the Stipulated Protective Order enter into by the parties on November 29, 2005, according to a mechanism agreed to by the parties.

Plaintiffs argue that the information sought is discoverable because it is relevant and necessary to prove that Defendants were in violation of RICO and the County Rule. The ten nonparty subpoenas request the following:

> As to each person and/or entity on Exhibit A any documents or records
> relating to loans, loan applications, letters of credit, applications for
> letters of credit, collateral for any loans, agreements regarding collateral,
> payment of interest on any loans, guarantees, cashiers checks, account opening
> documents including signature cards, and/or written correspondence or e-mails
> between any bank employee and the person or entity.

| STATEMENT |
|---|

(Defs.' Mot. to Quash, ¶ 8.)

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Defendants' bank documents are relevant to whether or not there was commingling of funds – a central theme in Plaintiffs' theory. This Court finds that bank records may be discoverable under Rule 26.

The next question is whether the request is overly broad. The request lacks any temporal scope and fails to preclude the production of non-business related information. In addition, there is no qualification for the requested correspondence between bank and account holder. Under the current description, the banks would produce all offers of credit cards, credit lines, and other marketing materials. The current request is therefore overly broad.

Although the request is overly broad, Plaintiffs will be given leave to propound a more narrowly tailored request. Therefore, it is necessary to determine whether the bank documents are subject to a confidential designation as set forth in the Protective Order; the Court concludes that they are.

As this Court holds in its simultaneous ruling on Plaintiffs' motions challenging Defendants' document designations [Doc. Nos. 185 and 262], *United States v. Miller*, 425 U.S. 435 (1976), does not deprive account holders of a privacy interest in their bank records. Plaintiffs must also be mindful of the competitive nature of the parties, as stressed by Judge Holderman. (Doc. 81, Ex. 2.) When determining whether or not to enter a protective order, "[t]he judge is the primary representative of the public interest in the judicial process" and has an independent duty to balance the public's interest against the "property and privacy interests of the litigants." *Citizens v. First National Bank v. Cincinnati Ins. Co.,* 178 F.3d 943, 945 (7th Cir. 1999). A court need not determine good cause on a document-by-document basis. *Id.* at 946. Rather, a court may authorize the parties to restrict public access to properly demarcated categories of legitimately confidential information. *Id.* By entering the Protective Order, the Court found good cause existed to restrict (but not deny) access to certain categories of documents, including financial documents, that may be sensitive due to the parties' positions. The parties entered into the Protective Order presumably because classified and sensitive information might be discovered. In this case, the parties are competitors, but discovery must proceed, albeit with caution.

For the reasons stated above, Defendants' Motion to Quash [Doc. No. 81] is GRANTED. However, Plaintiffs are given leave to redraft the requests consistent with this Order. The parties are reminded to meet and confer before filing any further motion on this issue.