# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 4095 | **DATE** | 12/15/2008 |
| **CASE TITLE** | Phoenix Bond & Indemnity Co., et al. vs. John Bridge, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section below, Defendants' Motion to Dismiss [333] is denied. Defendants are ordered to file an Answer on or before January 8, 2009. Counsel are requested to hold a Rule 26(f) conference and file a jointly completed Form 52 signed by counsel for each party on or before January 16, 2009. This case is set for a report on status and entry of a scheduling order at 9:00 a.m. on January 22, 2009.

Notices mailed.

# STATEMENT

Before the court is Defendants' Motion to Dismiss [333]. This case, brought by Plaintiffs Phoenix Bond & Indemnity Company, Oak Park Investments, Inc., and BCS Services, Inc. against multiple defendants that compete against Plaintiffs and other buyers at the annual Cook County tax lien sale, has a long procedural history in the federal courts and has previously been before this court on motions to dismiss. *See Phoenix Bond & Indem. Co. v. Bridge*, No. 05 C 4095, 2005 WL 3527232 (Dec. 21, 2005) (unpublished order); *see also Bridge v. Phoenix Bond & Indem. Co.*, 128 S. Ct. 2131 (2008); *Phoenix Bond & Indem. Co. v. Bridge*, 477 F.3d 928 (7th Cir. 2007). This court therefore will not reiterate the facts underlying the parties' dispute here.

In their motion to dismiss, Defendants raise four primary arguments. Defendants first argue that Plaintiffs' Corrected Second Amended Complaint should be dismissed because only the Cook County Treasurer has "jurisdiction" to determine whether bidders are related bidding entities and thus in violation of the Single Simultaneous Bidder Rule. (Defs.' Mem. Supp. Mot. Dismiss 1-4.) Both the United States Court of Appeals for the Seventh Circuit and this court have previously explained that the Cook County Treasurer's failure to determine whether the defendants to this litigation violated the Single Simultaneous Bidder Rule is not a bar to Plaintiffs' lawsuit. In *Phoenix Bond & Indemnity Co. v. Bridge*, the Seventh Circuit explained:

> Doubtless the County could enforce its own rule, even though it loses nothing financially from the submission of multiple bids by related bidders. But of course the complaint alleges that defendants are lying to the County, which makes enforcement difficult—defendants' affidavits assure the County that the Rule is being complied with. Anyway, the proposition "G can penalize fraud" differs from the proposition "G is the immediate victim of fraud." If a government's ability to penalize fraud knocked out private litigation, then § 1964 would no longer apply when the predicate act is fraud, for governments always have some ability to detect and penalize frauds.

477 F.3d at 932. And this court explained when considering a challenge to the pleadings in this litigation's companion case, *BCS Services, Inc. v. Heartwood 88, Inc.,* that:

> [A] violation of the [Single Simultaneous Bidder Rule] alleged as part of the scheme to defraud does not convert the action from a RICO claim to an action for recovery under the Rule.

No. 07 C 1367, 2007 WL 2323353, *8 (N.D. Ill. Aug. 10, 2007). Defendants' attempt to circumvent these rulings by recasting their argument as a challenge to this court's jurisdiction is not convincing. Consequently, summary dismissal on this basis is not appropriate.

Defendants next argue that "Plaintiffs cannot state a claim relating to the tax sales held in 2002 or 2003" because "the definition of the term 'related bidding entity' provided by the Treasurer in the Rule is overbroad." (Defs.' Mem. Supp. Mot. Dismiss 5-7.) Defendants raised this issue for the first time in their second motion to dismiss directed at Plaintiffs' pleadings, even though the argument was available to them at the time of their motion to dismiss Plaintiffs' original complaint. Thus Defendants have waived the argument. *See* Fed. R. Civ. P. 12(g). Furthermore, in dicta, the court believes the definition is not overbroad.

Defendants also challenge Plaintiffs' RICO claim on the ground that, Defendants say, Plaintiffs' pleading fails to satisfy Federal Rule of Civil Procedure 9(b) and this court's order of December 21, 2005. In particular, Defendants contend that (1) "[t]he plaintiffs have failed to identify any lien on which at least two of the defendants simultaneously bid the 0% penalty rate and on which a plaintiff also bid the 0% penalty rate and lost"; (2) "[t]he plaintiffs have failed to allege any facts describing any system or methodology that the Treasurer actually implements to allocate tax liens among bidders who bid the 0% penalty rate on the same lien"; and (3) "[t]he plaintiffs have failed to allege that they posted a sufficient letter of credit or bond, as required under the Illinois property Tax Code, to enable them to bid on the taxes for the properties they claim to have 'lost' to a defendant's bid." (Defs.' Mem. Supp. Mot. Dismiss 7-13.)

The Federal Rules of Civil Procedure provide that a complaint generally need not contain more than "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, the complaint must give each defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007); *see Killingsworth v. HSBC Bank Nev., N.A.*, 407 F.3d 614, 618 (7th Cir. 2007). "A formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 127 S. Ct. at 1965 (citations omitted). In addition, a plaintiff alleging a claim of fraud or misrepresentation also must plead with specificity the who, what, where, and when of the alleged fraud or misrepresentation. Fed. R. Civ. P. 9(b); *see Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv., Inc.,* 536 F.3d 663, 668 (7th Cir. 2008).

Plaintiffs have pleaded their allegations of fraud with sufficient specificity to put Defendants on notice of the fraud attributed to them. According to Plaintiffs' pleadings, Sabre Group, LLC arranged for related entities—the other named defendants—to bid at the Cook County tax sale on Sabre's behalf, resulting in Sabre's obtaining more liens than it was entitled to as a single bidding entity. As a prerequisite to bidding, each entity was required to file an affidavit with the Cook County Treasurer, swearing that it was not related to any other bidding entity. If Sabre's alleged bidding arrangement with other, related entities occurred, the affidavits filed by Sabre and the other entities must be false. If the affidavits are false, then Sabre and the other entities committed fraud. Because the tax-sale process employs the mail to submit affidavits and to mail sale notices, among other things, then Sabre and its related entities have committed mail fraud. And because Sabre and the related entities engaged in a pattern of mail fraud, Sabre's actions fall within the purview of RICO. At least this is the way the Supreme Court, the Seventh Circuit, and this court understood

the allegations of Plaintiffs' original complaint. *See Bridge v. Phoenix Bond & Indem. Co.*, 128 S. Ct. 2131 (2008); *Phoenix Bond & Indem. Co. v. Bridge*, 477 F.3d 928 (7th Cir. 2007); *Phoenix Bond & Indem. Co. v. Bridge*, No. 05 C 4095, 2005 WL 3527232 (Dec. 21, 2005) (unpublished order). Since the time of those decisions, and in response to this court's observation that Plaintiffs' pleadings may fall short of the requirements of Rule 9(b), Plaintiffs have further specified the alleged facts and provided more information about the who, what, where, and when of the alleged fraud in their Corrected Second Amended Complaint by attaching an exhibit to their complaint listing the properties on which Plaintiffs bid and lost to a named defendant. Plaintiffs' Corrected Second Amended Complaint, along with its attachments, are sufficient to put Defendants on notice of the fraud alleged against them. Moreover, contrary to Defendants' assertions, Plaintiffs have alleged an injury sufficient to state a claim under RICO. *See Phoenix Bond & Indem. Co.*, 477 F.3d at 931-32; *see also BCS Services, Inc.,* 2007 WL 2323353 at *6-7. Any facts concerning the system or methodology implemented by the Treasurer to allocate tax liens among bidders or whether Plaintiffs posted a sufficient letter of credit need not be pleaded as those facts are best left for determination following the close of discovery.

Finally, Defendants argue that Plaintiffs failed to state a claim for tortious interference with prospective economic advantage because "Plaintiffs have not and cannot allege that they had a reasonable expectation of entering into a valid business relationship" because they have not identified "a single property they would have acquired 'but for' defendants' alleged conduct." (Defs.' Mem. Supp. Mot. Dismiss 13-15.) But Plaintiffs *have* identified many properties in Exhibit B to their Corrected Second Amended Complaint that they claim they would have acquired but for Defendants' illegal conduct. Plaintiffs contend that their chance of winning a larger percentage of the properties was not mere possibility but was guaranteed by the Treasurer's allocation process if only Sabre and its related entities had not conspired to acquire a greater share of tax liens. Consequently, Plaintiffs' pleading concerning their tortious interference claim is sufficient to survive a motion to dismiss.

For the foregoing reasons, Defendants' Motion to Dismiss [333] is denied.

Courtroom Deputy Initials: