## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 4095 | **DATE** | 8/28/2009 |
| **CASE TITLE** | Phoenix Bond & Indemnity Co., et al. vs. John Bridge, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section below, defendants' "Objection Pursuant to Fed. R. Civ. 72(a) to Magistrate's Order Quashing Certain Subpoenas" [536] is overruled. Magistrate Judge Valdez's June 30, 2009 Order is affirmed.

■ [ For further details see text below.]   Notices mailed.

## STATEMENT

     This litigation arose between competitors at the annual Cook Country tax lien sale and has a long procedural history in the federal courts. *See Phoenix Bond & Indem. Co. v. Bridge*, No. 05 C 4095, 2005 WL 3527232 (Dec. 21, 2005) (unpublished order); *see also Bridge v. Phoenix Bond & Indem. Co.*, 128 S. Ct. 2131 (2008); *Phoenix Bond & Indem. Co. v. Bridge*, 477 F.3d 928 (7th Cir. 2007). Currently before the court is defendants John Bridge, Barrett Rochman, Sabre Group, LLC, CCJ Investments, LLC, BRB Investments, LLC, Corrine Rochman, Jesse Rochman, and Christopher Rochman's (collectively "Defendants") "Objection Pursuant to Fed. R. Civ. 72(a) to Magistrate's Order Quashing Certain Subpoenas" [536]. In her June 30, 2009 Order ("Order"), Magistrate Judge Maria Valdez granted plaintiffs Phoenix Bond & Indemnity Co. ("Phoenix") and BCS Services, Inc.'s ("BCS") (collectively "Plaintiffs") Motion to Quash Subpoenas About Which the Court Has Already Ruled [451] and plaintiff Phoenix's Motion to Quash Subpoenas [453]. (*See* Dkt. 533.) The seven subpoenas at issue were directed respectively to Bromark Company ("Bromark"), Amco Financial Corp. ("Amco"), Federal Financial, LLC ("Federal"), U.S. Bank, Bank of America, Great Lakes Banks, N.A. ("Great Lakes"), and Village of Forest Park ("Forest Park"). Defendants argue that Magistrate Judge Valdez erred in quashing these subpoenas because they seek information relevant to Defendants' defenses.[1] For the reasons discussed below, all of Defendants' objections are overruled, and Magistrate Judge Valdez's Order is affirmed.

     Pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), this court may reconsider Magistrate Judge Valdez's nondispositive ruling only if it "has been shown that the magistrate

---

[1] In their Objection, Defendants also argue that this discovery is relevant to their Sherman Act counterclaim. As the court has already dismissed that counterclaim (*see* Dkt. 540), it cannot provide the basis for the subpoenas at issue.

**STATEMENT**

judge's order is clearly erroneous or contrary to law." *Wingerter v. Chester Quarry Co.*, 185 F.3d 657, 660-61 (7th Cir. 1998). "Clear error is an extremely deferential standard of review, and will only be found to exist where the 'reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)). A reviewing court may not reverse a decision simply because it would have come to a different conclusion. *Id.*

According to Defendants, Magistrate Judge Valdez's Order was clearly erroneous and contrary to law because the quashed subpoenas sought information relevant to Defendants' defenses. Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "Motions to quash are within the sound discretion of the district court." *aaiPharma, Inc. v. Kremers Urban Dev. Co.*, 361 F. Supp. 2d 770, 773 (N.D. Ill. 2005).

**U.S. Bank and Bank of America Subpoenas**

Defendants first contend Magistrate Judge Valdez erred in quashing the U.S. Bank and Bank of America subpoenas because they seek information related to Plaintiffs' financial capabilities. According to Defendants, this information is relevant to their defense that Plaintiffs lacked the resources to purchase certain tax liens at issue. Magistrate Judge Valdez previously quashed identical subpoenas to U.S. Bank and Bank of America when Defendants first served them in October 2008. During the November 5, 2008 hearing granting Plaintiffs' motion to quash, Magistrate Judge Valdez recognized that the U.S. Bank and Bank of America subpoenas sought information that was cumulative of what Plaintiffs had already produced:

> The argument before me is relevancy as to whether or not the plaintiffs had the resources. The plaintiffs have offered to this Court information that they have provided you, information that they did, in fact, have the resources, so getting at the bank records truly is, in this instance, a fishing expedition and there's not enough information that I have from defense that that information would lead to further information other than what you already have. So the motion to quash both subpoenas will be granted.

(Tr. Hr'g Mot. Quash 15:23-16:7, Nov. 5, 2008.)

In the instant Order, Magistrate Judge Valdez did not expressly indicate the basis for quashing these subpoenas a second time. As a reviewing court, however, this court may affirm Magistrate Judge Valez's judgment "on any basis supported in the record." *Chavez v. Ill. State Police*, 27 F Supp. 2d 1053, 1080 n.8 (N.D. Ill. 1998). The court finds that the reasoning articulated by Magistrate Judge Valdez during the November 2008 hearing supports the current quashing of the U.S. Bank and Bank of America subpoenas.

Although the scope of discovery is broad, it has its limits. *Rubin v. Islamic Republic of Iran*, 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004) ("Discovery has limits and these limits grow more formidable as the showing of need decreases."). Rule 26(b)(2)(C) specifically instructs the court to "limit the frequency or extent of discovery otherwise allowed by these rules . . . if it determines that (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Additionally, discovery must be relevant to a party's claims or defenses. *Id.* 26(b)(1).

**STATEMENT**

Magistrate Judge Valdez determined that (1) Plaintiffs had already provided Defendants sufficient information related to their financial capabilities and (2) Defendants had not demonstrated that discovery into further information was warranted. Moreover, Defendants have not identified a plausible theory of relevance that was not originally presented to Magistrate Judge Valdez when she quashed those subpoenas during November 2008 hearing. Based on the deference this court affords Magistrate Judge Valdez's judgment, it finds that the Order quashing these subpoenas was not clearly erroneous. Defendants' objection is overruled.

**Federal, Great Lakes, and Forest Park Subpoenas**

Defendants further argue that Magistrate Judge Valdez erred in quashing the Federal, Great Lakes, and Forest Park subpoenas because they seek information related to Phoenix Bond's alleged fraud on Cook County during a "scavenger sale" for the purchase of a property at 3200 Lincoln Highway. This information, Defendants contend, is relevant to Plaintiffs' credibility.

According to Defendants, "[m]atters that go to the very heart of a plaintiff's credibility is [sic] always subject to examination." (Reply 11.) Accepting this reasoning, however, "would be to exclude nothing from the scope of discovery." *Kappus v. Near N. Ins. Agency, Inc.*, 1989 U.S. Dist. LEXIS 13893, at *6 (N.D. Ill. Nov. 14, 1989) (Rover, J.) (declining to "allow wholesale discovery into every possible way in which plaintiff may somehow be caught in an inconsistent statement" merely because certain information was allegedly "relevant to plaintiff's credibility"). Instead, to be discoverable, the requested information must also be "substantively relevant to the case" or "likely to lead to admissible substantive evidence." *Id.*

Here, Plaintiffs' allegations solely relate to Cook County annual tax sales; Defendants have not demonstrated how information pertaining to an unrelated scavenger sale bears any substantive relevance to the case or is it likely to lead to admissible evidence. In addition, two state courts have already examined the facts surrounding this scavenger sale transaction and found in favor of plaintiff Phoenix. (*See* Dkt. 453, Pls' Mot. Quash Subpoena, Exs. C & D.) Thus, the court agrees with Plaintiffs that discovery into this area would not have any bearing on plaintiff Phoenix's credibility and instead would create an unnecessary and irrelevant trial within a trial. Magistrate Judge Valdez did not clearly err, therefore, in finding that discovery into plaintiff Phoenix's actions during the scavenger sale was "not reasonably calculated to lead to the discovery of admissible evidence." (Order 3.)

Defendants further argue that the subpoena seeking records from Federal is relevant to whether Phoenix and Federal are alter egos and whether Phoenix violated the Single Bidder Rule during the 2002 Annual Tax Sale. According to Defendants, this information would support Defendants' theory that Plaintiffs' claims are improper and that they are barred from recovery based on their unclean hands. Plaintiff Phoenix, however, is not seeking damages for the 2002 Annual Sale and has already admitted that Federal, not Phoenix, participated in that sale. Consequently, the court finds the additional discovery sought by the subpoena served on Federal is not relevant to either party's claims or defenses. Magistrate Judge Valdez did not clearly err in quashing the Federal subpoena.

**Amco and Bromark Subpoenas**

Finally, with regard to the Amco and Bromark subponeas, Defendants never argued the relevancy of those subpoenas to Magistrate Judge Valdez. (*See* Order 2 ("The Sabre Defendants fail to address the relevancy of the information sought from Bromark Company and Amco Financial in their Response.").) Consequently, that argument is waived. *United States v. Moore*, 375 F.3d 580, 584 n.2 (7th Cir. 2004) (arguments not made to the magistrate judge are waived). Magistrate Judge Valdez's order quashing the

**STATEMENT**

Bromark and Amco subpoenas is affirmed.

Each of Defendants' objections is overruled, and Magistrate Judge Valdez's June 30, 2009 Order is affirmed.