# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 4095 | **DATE** | 8/17/2011 |
| **CASE TITLE** | Phoenix Bond & Indem. Co., et al. vs. Bridge, et al. | | |

**DOCKET ENTRY TEXT**

For these reasons, the Court denies WDC and T. Gray's motion for summary judgment and the remainder of the BG defendants' motion for summary judgment. (These motions were previously terminated on the docket prior to the most recent appeal in this case.)

■[ For further details see text below.]     Docketing to mail notices.

# STATEMENT

In this order, the Court considers the motion of defendants Wheeler-Dealer Co. (WDC) and Timothy Gray (T. Gray) for summary judgment, and certain arguments in the motion of BG Investments, Inc., Bonnie Gray, Atlantic Municipal Corp., Midwest Real Estate Investment Co., David Gray, and Midwest Real Estate Investment Co. Employee Profit-Sharing Plan (collectively the BG defendants), which remained unaddressed at the time of the Court of Appeals' remand of this case and its reassignment to the undersigned judge's docket.

Plaintiffs' claim against these defendants, boiled down to its essentials, is that they engaged in an artifice to evade the application of the Cook County Treasurer's single simultaneous bidder rule (SSB rule) governing annual tax sales. The SSB rule prohibits one tax buying entity from having its actual or apparent agents, employees, or related entities submit multiple registrations for the intended or perceived purpose of having more than one person bidding at the sale at the same time for the intended or perceived purpose of increasing the tax buying entity's likelihood of obtaining a successful bid on a parcel.

The parties spill a good deal of ink arguing over whether the fact that two persons or entities are related triggers the SSB rule. The Court doubts that it does, though the Court need not determine that question definitively to decide the present motions. To give an example, were two brothers to bid at a tax sale, they unquestionably would be related, but by itself this likely would not bring the SSB rule into play. (As an aside, the Court notes that plaintiffs have made reference to an earlier order indicating that the tax sale registration form requires bidders to warrant that they are not affiliated with any other registrant. *See* Pls.' Brief in Opp. to Gray Defs.' Mot. for Summ. J. at 4. The Court has not considered what impact, if any, this might have on the issues under consideration.)

In this case, however, plaintiffs point to a great deal more than mere relatedness. They have offered evidence

| STATEMENT |
|---|

that during all or at least some of the relevant period, the defendants involved in the present motions shared funding, operational costs, and confidential bidding information; David Gray, through Midwest Real Estate Investment Co., provided the other defendants office space, equipment, and personnel and made other business decisions that affected all of them; all of the entities had common or interlocking ownership; and all of them, at least for a significant part of the relevant period, issued combined financial statements.

Neither side has proposed – at least not in their briefs on the present motions – a definition of "tax buying entity" for purposes of the SSB rule. But whatever the definition, the evidence would permit a reasonable jury to find that these defendants constituted or were related to a single tax buying entity (and remained as such during the relevant period) and that they submitted separate bidder registrations for the intended or perceived purpose of increasing the single tax buying entity's likelihood of obtaining successful bids. The defendants' contention that they did not bid on each other's behalf and did not transfer certificates to each other, along with their other contentions, may carry the day at trial, but it does not entitle them to summary judgment. The Court is likewise unpersuaded by defendants' argument that the SSB rule is so ambiguous, or the evidence of their intent so weak, that there is no viable claim that they engaged in a fraud.

For these reasons, the Court denies WDC and T. Gray's motion for summary judgment and the remainder of the BG defendants' motion for summary judgment (Case No. 07 C 1367, docket nos. 708 & 722).