IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BCS SERVICES, INC., and<br>PHOENIX BOND & INDEMNITY, CO.,<br><br>                Plaintiffs,<br><br>      v.<br><br>HEARTWOOD 88, INC., *et al.*,<br><br>                Defendants. | Case No. 07 cv 1367<br>Consolidated with Case No. 05 cv 4095<br><br>Judge Matthew F. Kennelly |

**THE SALTA AND HBZ DEFENDANTS' JOINT
MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendants, Salta Group, Inc. ("Salta"), Marshall Atlas (together with Salta, the "Salta Defendants"), HBZ, Inc. ("HBZ"), Joshua Atlas, Arlene Atlas, Lori Levinson and Judith Berger (together with HBZ, Joshua Atlas, Arlene Atlas and Lori Levinson, the "HBZ Defendants"), hereby move, pursuant to Fed. R. Civ. P. 50(a), for judgment as a matter of law on Counts III, IV and VII of the Third Amended Complaint. In support of this motion, the Salta/HBZ Defendants state as follows:

1. Fed. R. Civ. P. 50(a) provides that "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed. R. Civ. P. 50(a)(1)(A) and (B).

2. In this instance, this Court should enter judgment as a matter of law on Count III (substantive RICO), Count IV (RICO conspiracy) and Count VII (tortious interference with

prospective business advantage) because Plaintiffs have failed as a matter of law: (1) to prove damages; and (2) to prove a scheme to defraud.

**Plaintiffs' Expert's Damages Calculation is Based on Unsupported Assumptions**

3. An element of each of the claims asserted against the Salta/HBZ Defendants is proof of damages. To succeed on their RICO claims Plaintiffs must establish that they "suffered an injury to their business or property." (*See* Preliminary Instructions, "Plaintiffs' First Claim" and "Plaintiffs' Second Claim"). To succeed on their tortious interference claim, Plaintiffs must show that they "were damaged as a result of the defendants' conduct." (*See* Preliminary Instructions, "Plaintiffs' Third Claim") However, the opinions of Scott Shaffer ("Shaffer"), Plaintiffs' only evidence of damages in this case, are based on nothing more than unsupported assumptions and conjecture, which cannot support any award of damages.

4. Shaffer makes a number of assumptions in calculating Plaintiffs' purported damages. Specifically, in calculating Plaintiffs' purported damages, Shaffer was informed by Plaintiffs' counsel to assume that certain entities (both former defendants and non-parties) would have been ineligible to participate in the Tax Sales. Specifically, Shaffer assumed that the following entities would not have been eligible to participate at some or all of the Tax Sales in question (years of the Tax Sales in parentheses):

> Aztek Partners LLC (2005)
> Bamp LLC (2004)
> BRB Investments LLC (2005-2007)
> Carpus Investments (2005)
> CCJ Investments (2003-2004)
> Chonus Projects (2007)
> Cronus Projects (2003-2007)
> DRN (2002-2003)
> G3 Holdings (2004)
> Georgetown (2004-2006)
> GJ Ventures (2005-2007)
> Goin (2007)

          Heartwood 88, LLC (2003-2007)
          Jeshay (2004)
          LLC Venture (2004)
          Mudcats (2005-2006)
          Optimum (2004)
          Regal One (2002-2005)
          Richarony (2004)
          Sabre (2002-2004)
          Tax Capital (2005-2006)
          Tax Play (2004)
          The Peters Group (2003-2004)

5. In calculating plaintiffs' purported "win-percentage" for each of the Tax Sales in question, Shaffer took the number of liens actually awarded to each of the Plaintiffs and divided those numbers by liens awarded to what he termed "eligible bidders." The denominator of his equation (*i.e.*, liens awarded to "eligible bidders") did not include liens awarded to any of the entities identified above, in paragraph 4, that participated in the Tax Sales. Shaffer then applied this so-called "win percentage" to those liens that were awarded to HBZ and Salta (*i.e.*, what he termed the "reallocated liens") during the Tax Sales held in the years 2003 through 2007. Using this so-called "win percentage," Shaffer opined that the damages purportedly suffered by Phoenix Bond and BCS amounted to $336,378 and $402744, respectively.

6. As Plaintiffs presented absolutely no evidence to the jury that can support Shaffer's assumption that *all* of the aforementioned entities would have been ineligible to participate in the Tax Sales, Shaffer's opinion regarding the damages attributable to HBZ and Salta should be disregarded. *See Lewis v. Citgo Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009) (expert's opinion "may not be merely … unsupported conjecture"); *Wasson v. Peabody Coal Co.*, 542 F.3d 1172, 1176 (7th Cir. 2008) ("We have no trouble endorsing the district court's decision to exclude [plaintiff's expert's] testimony-indeed, had the court admitted it, we would probably have reversed that decision for an abuse of discretion" as plaintiff's expert's

3

"opinion was not 'based upon sufficient facts or data …'"); *Target Mkt. Publ'g v. Advo, Inc.*, 136 F.3d 1139, 1145 (7th Cir. 1998) (expert testimony properly excluded because expert's assumptions were "implausible"); *Reeves v. ComEd Co.*, No. 06 C 5540, 2008 WL 239030, at *7 (N.D. Ill. Jan. 28, 2008 (expert's opinions excluded because they were based on "false assumptions"); *Loeffel Steel Prods., v. Delta Brands, Inc.*, 387 F. Supp. 2d 794, 809 (N.D. Ill. 2005) (an expert's assumptions must be proved by "admissible, competent evidence"; if this cannot be done, then the expert's opinions "rest on air," and ultimately are irrelevant and inadmissible); *Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d 18, 22 (2d Cir. 1996) (district court should not have admitted expert testimony where expert's opinion was "without factual basis").

    7.    In denying Defendants' motion to bar the testimony of Shaffer, this Court noted:

> The Court is persuaded that the parts of the scenario that Shaffer has assumed – his assumptions regarding the "but for" world, for want of a better term – have a reasonable basis in the evidence and reasonable inferences from the evidence. Each of those assumptions is subject to attack, as are several other aspects of Shaffer's analysis. The jury may or may not accept the assumptions, and the Court may or may not grant a Rule 50 motion on the ground that plaintiffs' proof of damages does not get beyond the realm of speculation.

(Dkt. No. 773, Order dated September 14, 2011). Plaintiffs have failed to present at trial "a reasonable basis in the evidence and reasonable inferences from the evidence" that could support Shaffer's assumptions regarding his calculation of plaintiffs "win percentage." Without any evidence to support their purported damages, the jury would be left to speculate as to what, if any, damages Plaintiffs purportedly suffered as a result of HBZ and Salta's participation in the Tax Sales. As this Court has already noted, "an injured party does not get 'carte blanche to provide wild guesses at its damages. A reasonable estimate … must be grounded in some *record evidence*, not numbers pulled from thin air.'" (*See* Dkt. No. 773, Order dated September 14,

2011 (emphasis added), citing *CSC Holdings, Inc. v. Redisi*, 309 F.3d 998, 995 (7th Cir. 2002).) Because Plaintiffs have not offered any evidence to support Shaffer's assumptions regarding who was supposedly "ineligible" to participate in the Tax Sales, Shaffer's opinion goes well "beyond the realm of speculation." If Shaffer's opinions are disregarded, Plaintiffs cannot establish an essential element for each of their claims as Plaintiffs have not offered any other evidence to prove their damages.

8. Even though the Seventh Circuit noted that with respect to damages, "plaintiff has a more relaxed burden of proof than on the issue of causation," Plaintiffs have failed to meet even this relaxed burden. *BCS Services, Inc. v. Heartwood 88, LLC*, 637 F.3d 750, 759 (7th Cir. 2011) ("Once the plaintiff proves injury, broad latitude is allowed in quantifying damages, especially when the defendant's own conduct impedes quantification. But the injury itself must be proved in the usual way, without speculation or burden shifting" (internal citations omitted)). The Seventh Circuit's recent decision focused only on the issues regarding liens on which Plaintiffs mage have bid and the manner in which liens were awarded. However, the assumptions made by Shaffer regarding his calculation of the "win-percentage" are not based upon liens that Plaintiffs' may (or may not) have bid on or the manner in which liens were awarded. Instead, he was informed to make an assumption regarding whether certain entities were eligible to participate in the Tax Sales. Given that there is no record evidence to support his assumptions, Plaintiffs have failed to meet their burden of proving damages.

9. Given that Plaintiffs have failed to establish proof of damages – an essential element of each of their claims against the Salta/HBZ Defendants – this Court should enter judgment, as a matter of law, in favor of the Salta/HBZ Defendants on Counts III, IV and VII of the Third Amended Complaint. *See Wasson*, 542 F.3d at 1176 ("We agree with the district court

that the jury's damages award must be set aside because it was based on nothing but speculation").

**<u>Plaintiffs' Have Failed to Prove a Scheme to Defraud to Support Their RICO Claims</u>**

10. Under relevant law, the predicate racketeering acts of mail fraud must be part of a scheme to defraud. *Richards v. Combined Insurance Co. of America*, 55 F.3d 247, 249-50 (7th Cir. 1995). Plaintiffs' RICO claims are premised on the notion that the Salta/HBZ Defendants devised a scheme to defraud when they agreed to violate the Cook County Treasurer's Single, Simultaneous Bidder Rule ("SSBR"). The alleged goal of the scheme to defraud was to obtain more tax liens for the benefit of Marshall Atlas and Salta. (Dkt. No. 525[1], 3d Am. Compl., ¶ 177 ("each of the defendants … mailed or caused to be mailed hundreds of mailings in furtherance of the scheme to obtain liens for the benefit of Salta greatly in excess of the number of liens Salta would have been allowed under the Rule")); *see also BCS Services, Inc. v. Heartwood, LLC*, 637 F.3d 750, 753 (7th Cir. 2011) ("In each of the three conspiracies a kingpin financed the bidding activity of the group's members and when the kingpin agent's bidder would win a lien the kingpin would buy it from him").

11. The central theme of Plaintiffs' case from the opening statement through the close of the Plaintiffs' case has been that Plaintiffs were wrongfully denied "their fair share" of the tax liens from 2003-2007, and that "kingpins", like Marshall Atlas/Salta, received "more than their fair share" of the tax liens. However, Plaintiffs have not presented any evidence that HBZ (the alleged shill created to increase Salta's share of the liens) ever transferred, assigned or sold any of its liens to Marshall Atlas/Salta or that Salta received a disproportionate share of the liens as a result of HBZ's participation in the Tax Sales. Moreover, Plaintiffs have not presented any

---

[1] Third Amended Complaint filed under Case No. 07 C 1367.

evidence that Marshall Atlas/Salta benefitted financially from HBZ's acquisition of tax liens at the relevant tax sales.

12.    This motion does not require the Court to weigh the evidence, determine the credibility of witnesses, or substitute its own version of the facts for that which the jury has heard, all of which are impermissible in ruling on a Rule 50 motion. Instead, the Salta/HBZ Defendants are simply asking the Court to recognize as a matter of law that there has been no evidence presented by Plaintiffs that HBZ ever transferred, sold or assigned any of its tax liens to Marshall Atlas/Salta, and that no reasonable jury could find to the contrary. Assuming that no reasonable jury could conclude to the contrary on this central issue, the only conclusion to be drawn by any reasonable jury is that there was no scheme to defraud. If there is no scheme to defraud, then Plaintiffs have failed to establish an essential element of their predicate acts of mail fraud and their RICO claims against the Salta/HBZ Defendants fail.

## Conclusion

For the reasons urged herein, it is respectfully submitted that this Court should grant defendants' motion and enter judgment, as a matter of law, in favor of the Salta/HBZ Defendants on Counts III, IV and VII of Plaintiffs' Third Amended Complaint.

October 27, 2011                                  Respectfully submitted,

                                                    HBZ, INC., ARLENE ATLAS, JOSHUA ATLAS, LORI LEVINSON and JUDITH BERGER

                                                    By:   /s/ Athanasios Papadopoulos
                                                          One of their attorneys

                                                    Michael D. Sher (ARDC #2580519)
                                                    Athanasios Papadopoulos (ARDC #6278188)
                                                    NEAL, GERBER & EISENBERG LLP
                                                    Two North LaSalle Street, Suite 2200
                                                    Chicago, IL 60602-3801
                                                    (312) 269-8000

        MARSHALL ATLAS

        By:   /s/ Edward M. Genson
              One of his attorneys

Edward M. Genson
GENSON & GILLESPIE
53 W. Jackson Blvd., Suite 1420
Chicago, IL 60604
(312) 726-9015

MARSHALL ATLAS and SALTA GROUP, INC.

By:   /s/ Elisha S. Rosenblum
      One of their attorneys

Elisha S. Rosenblum
O'HALLORAN, KOSOFF, GEITNER & COOK LLC
650 Dundee Road, Suite 475
Northbrook, IL 60062
(847) 291-0200

**CERTIFICATE OF SERVICE**

       I hereby certify that on October 27, 2011, I electronically filed the foregoing **The Salta and HBZ Defendants' Joint Motion for Judgment as a Matter of Law** with the Clerk of Court using the CM/ECF system, which shall send notification to all parties of record by operation of the Court's electronic filing system.

                                                                                   /s/ Athanasios Papadopoulos

NGEDOCS: 1849700.2