**<u>DRAFT</u>**
**<u>FINAL INSTRUCTIONS TO THE JURY</u>**

**Case Nos. 05 C 4059 and 07 C 1367**

**October 31, 2011**

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. Each of you has a copy of these instructions to use in the jury room.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you and apply it to the facts. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

You must perform your duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating what I think of the evidence or what I think your verdict should be.

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, including the deposition testimony that was read to you; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer says is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You may consider this evidence only for the limited purpose for which I said the evidence was admitted.

During the trial, some jurors submitted written questions to be asked of certain witnesses. You should consider testimony answering a question submitted by a juror in the same way you consider any other testimony. If you submitted a question that I did not ask, that is because I determined that under the rules of evidence, the answer would not be admissible in evidence, just as when I sustained objections to questions posed by the lawyers. You should draw no conclusion or inference from my ruling on any question, and you should not speculate about the possible answer to any question that was not asked.

You must make your decision based on what you recall of the evidence. You will not have a written transcript of the testimony to consult.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Give the evidence whatever weight you believe it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

In determining whether any fact has been proved, you should consider all of the evidence bearing on that fact, regardless of who offered the evidence.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Do not make any decisions by simply counting the number of witnesses who testified about a certain point. What is important is how believable the witnesses were and how much weight you think their testimony deserves.

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness's testimony. You may believe all of what a witness said, or some of it, or none of it. Some factors you may consider include:

- the intelligence of the witness;

- the witness's ability and opportunity to see, hear, or know the things the witness testified about;

- the witness's memory;

- the witness's demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant his or her testimony;

- the believability of the witness's testimony in light of the other evidence presented; and

- inconsistent statements or conduct by the witness.

It is proper for an attorney to interview any witness in preparation for trial

7

You have heard certain witnesses who gave opinions about matters requiring special knowledge or skill.  You do not have to accept the testimony of such a witness. You should judge these witnesses' testimony the same way you judge the testimony of any other witness.  In deciding how much weight to give to this testimony, you should consider the witness's qualifications, how the witness reached his opinions, and the factors I have described for determining the believability of testimony.

You have heard that certain persons declined to answer questions at their depositions based on their Fifth Amendment privilege against self-incrimination. The Fifth Amendment to the United States Constitution gives every person the right to decline to answer a question if he or she believes that the answer may tend to incriminate him or her. In a civil case like this one, you are permitted to infer that the withheld information would have been unfavorable to the person who asserted the privilege against self-incrimination. You may not, however, use a person's assertion of the privilege against self-incrimination against any other party in the case.

Certain summaries, charts, and slides were shown to you to help explain other evidence that was admitted.  These summaries, charts, and slides are not themselves evidence or proof of any facts, so you will not have them during your deliberations.  If they do not correctly reflect the facts shown by the evidence, you should disregard them and determine the facts from the underlying evidence.

A plaintiff is under no obligation to amend its complaint to reflect new information obtained during the process of pretrial discovery. Rather, the plaintiff may present that information at trial. You are, however, free to take into consideration any inconsistent allegations to the extent you deem appropriate.

A corporation may act only through natural persons as its agents or employees. In general, agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation, or within the scope of their duties as employees of the corporation.

**The parties and the claims**

The plaintiffs in this case are BCS Services, Inc. and Phoenix Bond & Indemnity Co.  I will refer to them as "the plaintiffs."

The defendants are a number of corporations, limited liability companies, and individuals.  I am not going to list all of them at this point.  I will refer to them as "the defendants."

You must give the same fair consideration to each party, whether the party is an individual, a corporation, or a limited liability company.

During the trial, and in these instructions, I have referred to certain defendants by a group designation, such as "Sabre Defendants," "Salta Defendants," "Gray Defendants," and so on.  I have used these terms for convenience of reference only. You are not to assume anything more from these labels.

The plaintiffs have made three types of claims in this case.

The plaintiffs' first claim is that three separate groups of defendants committed violations of a law called the Racketeer Influenced and Corrupt Organizations Act.

The plaintiffs' second claim is that the defendants in each of these three groups conspired with others in the same alleged group to violate the Racketeer Influenced and Corrupt Organizations Act.

The plaintiffs third claim is that the defendants interfered with the plaintiffs' prospective business advantage.

Each of the defendants denies each of these claims.

You must give separate consideration to each plaintiff, each claim by each plaintiff, and each defendant.

13

**Preponderance of the evidence**

In the instructions describing what the plaintiffs are required to prove, I will use the term "preponderance of the evidence." When I say that the plaintiffs have to prove something by a preponderance of the evidence, I mean that the plaintiffs must prove that the particular proposition is more likely true than not true.

**Plaintiffs' first and second claims**

As I have stated, the plaintiffs' first and second claims are brought under a federal law called the Racketeer Influenced and Corrupt Organizations Act. I will refer to this as the RICO law. This law permits a person to file suit if he is damaged in his business or property as the result of a defendant's conduct of the affairs of an enterprise through a pattern of criminal conduct. The plaintiffs do not have to prove that any defendant was a "racketeer" as that term is commonly used.

**Plaintiffs' first claim - violation of RICO law**

Plaintiffs' first claim is that the defendants violated the RICO law.  To prevail on this claim against the particular defendant that you are considering, the plaintiff that you are considering must prove each of the following things by a preponderance of the evidence:

1. There was an enterprise.

2. The activities of the enterprise affected interstate commerce.

3. The defendant was associated with or employed by the enterprise.

4. The defendant knowingly conducted or participated in the conduct of the affairs of the enterprise through a pattern of racketeering activity.

5. The defendant's racketeering activity caused the plaintiff to suffer an injury to its business or property.

I will define several of these terms for you shortly.

16

**Plaintiffs' second claim - conspiracy to violate RICO law**

The plaintiffs' second claim is that each of the defendants conspired with certain other defendants to violate the RICO law.

To succeed on this claim against the particular defendant you are considering, the plaintiff you are considering must prove each of the following things by a preponderance of the evidence:

1.      There was an enterprise.

2.      The activities of the enterprise affected interstate commerce.

3.      The defendant you are considering knowingly conspired with one or more other persons or entities to conduct or participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity.  This plaintiff is not required to prove that any racketeering activity was actually committed or that the particular defendant agreed to engage in any racketeering activity.  Rather, the plaintiff must prove the defendant agreed that some member or members of the conspiracy would engage in a pattern of racketeering activity.

4.      A member of the conspiracy committed an overt act in furtherance of the conspiracy.  An overt act is any act done to carry out the goals of the conspiracy.  The overt act may itself be a lawful act.

5.      The defendant's conduct caused the plaintiff to suffer an injury to its business or property.

Again, I will define several of these terms for you shortly.

17

**Plaintiffs' first and second claims - definitions**

I will now define some of the terms that I have used in the instructions concerning the plaintiffs' first and second claims.

Enterprise:  An enterprise is a group of people or entities associated together for a common purpose of engaging in a course of legal or illegal conduct.  You should consider whether the group has an ongoing organization or structure, either formal or informal, and whether its members functioned as a continuing unit.  A group may be an enterprise even if it gains or loses members over time.  In this case, the plaintiffs have alleged that there are three separate enterprises:  the Sabre enterprise, the Salta enterprise, and the Gray enterprise.

Interstate commerce:  The activities of an enterprise affect interstate commerce if the enterprise's actions affect in any degree the movement of goods, services, money, or people across state lines.  The plaintiffs need not prove that the particular defendant engaged in or affected interstate commerce.

Association with an enterprise:  A person or an entity associates with an enterprise if the person or entity is involved with the enterprise in a way that is related to its affairs or common purpose.  The person or entity need not have a stake in the goals of the enterprise.  A person or entity may be associated with an enterprise without being associated throughout the entire existence of the enterprise.

Conducting or participating in the conduct of an enterprise:  A person or entity conducts or participates in the conduct of an enterprise if the person or entity uses his, her, or its position in or association with the enterprise to perform acts that are involved, directly or indirectly, in the operation or management of the enterprise, or by causing

18

another to do so.  The person need not participate in all of the enterprise's activities.

Pattern of racketeering activity:  A pattern of racketeering activity, as that term is used in this case, consists of two or more violations of the federal mail fraud law that are related to each other and that are either ongoing over a substantial period or are part of the regular way of conducting one's business.  Acts are considered to be related to each other if they have similar purposes, results, participants, or victims, or are committed in a similar way.  I will provide the definition of mail fraud momentarily.

"Through":  A person or an entity conducts or participates in the conduct of an enterprise through a pattern of racketeering activity if his or its position in the enterprise facilitated the commission of the racketeering activity, and the racketeering activity had an impact or effect on the enterprise; if the racketeering activity was in some way related to the enterprise's affairs; or if the person or entity was able to commit the racketeering activity by virtue of his or its position or involvement in the enterprise's affairs.

Causation:  To prove that a defendant's conduct caused the plaintiff to suffer an injury to its business or property, the plaintiff must prove that there was a direct relationship between the defendant's conduct and the plaintiff's injury.  It is sufficient if the injury was caused by the racketeering acts themselves or by the pattern of racketeering acts as a whole.

Conspiracy:  To prove an allegation that a defendant entered into a conspiracy, a plaintiff must prove both of the following things by a preponderance of the evidence:

1)      There was a formal or informal agreement between two or more persons or entities to accomplish an unlawful purpose; and

19

2)      The defendant knowingly became a member of the conspiracy intending to advance the conspiracy.  To be a member of a conspiracy, a defendant does not need to join it at the beginning and he does not need to know all of the other members or all of the means by which conspiracy's goals are to be accomplished.  The plaintiff must prove that the defendant you are considering was aware of the conspiracy's goals and knowingly participated in the conspiracy.  A defendant is not a member of a conspiracy just because the defendant knew and/or associated with others involved in a conspiracy or just because the defendant knew there was a conspiracy.

**Plaintiffs' first and second claims - definition of mail fraud**

In this case, the plaintiffs contend that the pattern of racketeering activity consisted of multiple acts of mail fraud.

To prove that a defendant committed mail fraud, the plaintiffs must prove each of the following four things by a preponderance of the evidence:

1.      There was a scheme to defraud a person or an entity by means of material false or fraudulent pretenses, representations, or promises.

2.      The defendant knowingly carried out the scheme.

3.      The defendant did so with the intent to defraud.

4.      For the purpose of carrying out the scheme or attempting to do so, the defendant used or caused the use of the mail or a private or commercial interstate carrier.

I will now define some of the terms used in this instruction:

Scheme to defraud:  A scheme to defraud is a plan or a course of action formed with the intent to deceive or cheat a person or entity or to obtain money or property from a person or entity, by using one or more material false pretenses, representations, or promises.

Material:  A false or fraudulent pretense, representation, or promise is "material" if it has a natural tendency to influence or is capable of influencing the decision of the person or entity to which it was addressed.  A material false or fraudulent pretense, representation, or promise may be accomplished by concealing material information.

Knowingly:  A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.

21

In deciding whether a defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

Intent to defraud:  A person acts with the intent to defraud a person or entity if he acts with the intent to deceive or cheat that person or entity, in order to bring about a financial gain to himself or a financial loss to the person or entity.  The plaintiffs are not required to prove, however, that there was an actual gain or loss.

Good faith on the part of a defendant is inconsistent with intent to defraud.  A defendant is not required to prove that it acted with good faith; rather, the plaintiffs must prove that the defendant acted with the intent to defraud.

Use of the mail or private or interstate carrier:  To use or cause the use of the mail or a private or interstate carrier, a defendant need not actually intend that the use take place and need not have used the mail or private or interstate carrier himself or itself.  The plaintiffs must prove, however, that the defendant knew the use would occur, or that the defendant knew the use would occur in the ordinary course of business, or that the defendant knew facts from which the use reasonably could have been foreseen.

The use of the mail must assist in carrying out the scheme to defraud or part of the scheme to defraud, but the item that was mailed need not be fraudulent.  It can be an innocent or routine mailing or one that was sent for a legitimate business purpose.

Each use of the mail or a private or interstate carrier in furtherance of a scheme to defraud constitutes a separate act of mail fraud.

**Plaintiffs' third claim**

Plaintiffs' third claim is that the defendants interfered with the plaintiffs' prospective business advantage.  To succeed on this claim against the particular defendant you are considering, the plaintiff you are considering must prove each of the following things by a preponderance of the evidence:

1.      The plaintiff had a reasonable expectation of entering into one or more valid business relationships with the Cook County Treasurer's Office by obtaining additional liens at the annual tax sale.

2.      The defendant was aware of the plaintiff's expectation.

3.      The defendant intentionally and unjustifiably interfered with the plaintiff's expectation, preventing it from ripening into a valid business relationship.

4.      The defendant's conduct caused injury to the plaintiff.

I will define certain of these terms in the next instruction.

**Plaintiff's third claim - definitions of terms**

Intentional interference:  A person or entity intentionally interferes with an expectation of a business relationship if he or it knows that interference with the relationship is substantially certain to occur as a result of his or its conduct, even if that is not his primary purpose or desire.

Unjustifiable interference:  Interference is unjustifiable, as that term is used in this case, if the defendant did not comply with the Cook County Treasurer's single simultaneous bidder rule despite representing that it would do so.

**Damages**

If you find in favor of one or both plaintiffs and against one or more defendants on one or more of the plaintiffs' claims, then you will be required to determine what amount of damages, if any, to award the particular plaintiff on the particular claim against the particular defendant.

If you find in favor of all of the defendants on all of the plaintiffs' claims, then you will not consider the question of damages.

**Damages - compensatory**

The plaintiffs are seeking compensatory damages on claims one, two, and three, and punitive damages on claim three. This instruction concerns compensatory damages.

If you find in favor of a plaintiff and against one or more defendants on any one of the plaintiff's claims, then you must determine the amount of money that will fairly compensate the plaintiff for any injury that you find it sustained as a direct result of the defendant's wrongful conduct. This is called "compensatory damages."

A plaintiff must prove its damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. On the other hand, the law does not require a plaintiff to prove the amount of its damages with mathematical precision, but only with as much definiteness and certainty as circumstances permit. If you find that uncertainty regarding the amount of damages is the result of a defendant's illegal conduct, your doubt should be resolved against the wrongdoer.

A plaintiff must prove that the defendant's conduct was a proximate cause of the plaintiff's damages. Conduct "proximately causes" a loss if, in natural or probable sequence, it produces the particular loss that is claimed. It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the loss.

The defendants contend that there is a superseding cause for any injury to the plaintiffs. Specifically, they contend that the Cook County Treasurer's Office failed to prevent them from participating in annual tax sales despite that Office's awareness of

26

the alleged actions that form the basis of the plaintiffs' claims in this lawsuit.  The defendants bear the burden of proving by a preponderance of the evidence that this occurred and that it is a superseding cause for any injury to the plaintiffs.

**Damages - punitive**

The plaintiffs seek an award of punitive damages on claim three. You may not consider the question of punitive damages on any of the plaintiffs' other claims.

If you find for a plaintiff and against one or more of the defendants on claim three, you may, but are not required to, assess punitive damages in favor of the plaintiff and against any defendants that you have found liable. The purposes of punitive damages are to punish a party for its wrongful conduct and to serve as an example or warning to that party and others not to engage in similar conduct in the future.

The plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against the particular defendant you are considering. You may assess punitive damages against a defendant only if you find that the defendant's conduct was malicious or in reckless disregard of the plaintiff's rights. A defendant's conduct was malicious if it was accompanied by ill will or spite or was done for the purpose of harming the plaintiff. A defendant's conduct was in reckless disregard of a plaintiff's rights if, under the circumstances, it reflected complete indifference to the plaintiff's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

-        the reprehensibility of the defendant's conduct;

-        the impact of the defendant's conduct on the plaintiff;

28

- the relationship between the plaintiff and the defendant;

- the likelihood that the defendant would repeat the conduct if an award of punitive damages is not made;

- the defendant's financial condition; and

- the relationship of any award of punitive damages to the amount of actual harm the plaintiff suffered.

**Final instructions**

Once you are all in the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as by telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, MySpace, LinkedIn, YouTube, Twitter, or any other method of communication.

 If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the presiding juror or by one or more members of the jury. To have a complete record of this trial, it is important that you not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer.

If you send me a message, do not include the breakdown of your votes. In other words, do not tell me that you are split 6-6, or 8-4, or whatever your vote happens to be.

A verdict form has been prepared for you.  You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your presiding juror will fill in and date the verdict form, and each of you will sign it.

Advise the court security officer once you have reached a verdict.  When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror. Your verdict must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts.

**DRAFT**
**VERDICT FORM**

**Case Nos. 05 C 4095 & 07 C 1367**

**Part A - claims by plaintiff Phoenix Bond & Indemnity Co.**

**First claim by Phoenix Bond (violation of RICO Act)**

1.      On plaintiff Phoenix Bond's first claim, do you unanimously find that Phoenix Bond has proven that the defendants violated the RICO Act?  (Answer separately for each defendant)

Sabre Defendants

| | | |
|---|---|---|
| MD Sass Investors Services, Inc. | Yes_____ | No_____ |
| MD Sass Tax Lien Management, LLC | Yes_____ | No_____ |
| MD Sass Municipal Finance Partners-IV, LLC | Yes_____ | No_____ |
| MD Sass Municipal Finance Partners-V, LLC | Yes_____ | No_____ |
| Sass Muni-IV, LLC | Yes_____ | No_____ |
| Sass Muni-V, LLC | Yes_____ | No_____ |
| Vinaya Jessani | Yes_____ | No_____ |
| Kirk Allison | Yes_____ | No_____ |

Salta Defendants

| | | |
|---|---|---|
| Salta Group, Inc. | Yes_____ | No_____ |
| Marshall Atlas | Yes_____ | No_____ |
| HBZ, Inc. | Yes_____ | No_____ |
| Lori Levinson | Yes_____ | No_____ |
| Judith Berger | Yes_____ | No_____ |
| Joshua Atlas | Yes_____ | No_____ |
| Arlene Atlas | Yes_____ | No_____ |

Gray Defendants

1

| | | |
|---|---|---|
| Wheeler-Dealer, Ltd. | Yes_____ | No_____ |
| BG Investments, Inc. | Yes_____ | No_____ |
| Bonnie J. Gray, individually | Yes_____ | No_____ |
| Timothy E. Gray | Yes_____ | No_____ |
| David R. Gray by Bonnie J. Gray, as representative of the Estate of David R. Gray and Trustee of the David R. Gray Revocable Trust | Yes_____ | No_____ |
| Midwest Real Estate Investment Company | Yes_____ | No_____ |
| Midwest Real Estate Investment Company Profit-Sharing Plan and Trust | Yes_____ | No_____ |
| Atlantic Municipal Corporation | Yes_____ | No_____ |

**First claim by plaintiff Phoenix Bond - compensatory damages**

2.      If you answered YES to Question 1 as to any of the Sabre Defendants, please state the amount of compensatory damages that you find Phoenix Bond has proven as to the Sabre Defendants on the First Claim:      $_____

3.      If you answered YES to Question 1 as to any of the Sass Defendants, please state the amount of compensatory damages that you find Phoenix Bond has proven as to the Sass Defendants on the First Claim:      $_____

4.      If you answered YES to Question 1 as to any of the Gray Defendants, please state the amount of compensatory damages that you find Phoenix Bond has proven as to the Gray Defendants on the First Claim:      $_____

**Second claim by Phoenix Bond (conspiracy to violate RICO Act):**

1.      On plaintiff Phoenix Bond's second claim, do you unanimously find that Phoenix Bond had proven that the defendants conspired to violate the RICO Act? (Answer separately for each defendant)

Sabre Defendants

2

MD Sass Investors Services, Inc.   Yes_____  No_____

MD Sass Tax Lien Management, LLC   Yes_____  No_____

MD Sass Municipal Finance Partners-IV, LLC  Yes_____  No_____

MD Sass Municipal Finance Partners-V, LLC  Yes_____  No_____

Sass Muni-IV, LLC   Yes_____  No_____

Sass Muni-V, LLC   Yes_____  No_____

Vinaya Jessani   Yes_____  No_____

Kirk Allison   Yes_____  No_____


<u>Salta Defendants</u>

Salta Group, Inc.   Yes_____  No_____

Marshall Atlas   Yes_____  No_____

HBZ, Inc.   Yes_____  No_____

Lori Levinson   Yes_____  No_____

Judith Berger   Yes_____  No_____

Joshua Atlas   Yes_____  No_____

Arlene Atlas   Yes_____  No_____


<u>Gray Defendants</u>

Wheeler-Dealer, Ltd.   Yes_____  No_____

BG Investments, Inc.   Yes_____  No_____

Bonnie J. Gray, individually   Yes_____  No_____

Timothy E. Gray   Yes_____  No_____

David R. Gray by Bonnie J. Gray, as representative
of the Estate of David R. Gray and Trustee of the
David R. Gray Revocable Trust   Yes_____  No_____

Midwest Real Estate Investment Company  Yes_____  No_____

Midwest Real Estate Investment Company
Profit-Sharing Plan and Trust   Yes_____  No_____

Atlantic Municipal Corporation   Yes_____  No_____

3

**Second claim by plaintiff Phoenix Bond - compensatory damages**

2.      If you answered YES to Question 1 as to any of the Sabre Defendants, please state the amount of compensatory damages that you find Phoenix Bond has proven as to the Sabre Defendants on the Second Claim:      $_____

3.      If you answered YES to Question 1 as to any of the Sass Defendants, please state the amount of compensatory damages that you find Phoenix Bond has proven as to the Sass Defendants on the Second Claim:      $_____

4.      If you answered YES to Question 1 as to any of the Gray Defendants, please state the amount of compensatory damages that you find Phoenix Bond has proven as to the Gray Defendants on the Second Claim:      $_____

**Third claim by Phoenix Bond (violation of interference with prospective business advantage)**

1.      On plaintiff Phoenix Bond's third claim, do you unanimously find that Phoenix Bond has proven that the defendants interfered with plaintiff's prospective business advantage?  (Answer separately for each defendant)

Sabre Defendants

| | | |
|---|---|---|
| MD Sass Investors Services, Inc. | Yes_____ | No_____ |
| MD Sass Tax Lien Management, LLC | Yes_____ | No_____ |
| MD Sass Municipal Finance Partners-IV, LLC | Yes_____ | No_____ |
| MD Sass Municipal Finance Partners-V, LLC | Yes_____ | No_____ |
| Sass Muni-IV, LLC | Yes_____ | No_____ |
| Sass Muni-V, LLC | Yes_____ | No_____ |
| Vinaya Jessani | Yes_____ | No_____ |
| Kirk Allison | Yes_____ | No_____ |

4

<u>Salta Defendants</u>

Salta Group, Inc.                                    Yes_____      No_____

Marshall Atlas                                       Yes_____      No_____

HBZ, Inc.                                            Yes_____      No_____

Lori Levinson                                        Yes_____      No_____

Judith Berger                                        Yes_____      No_____

Joshua Atlas                                         Yes_____      No_____

Arlene Atlas                                         Yes_____      No_____


<u>Gray Defendants</u>

Wheeler-Dealer, Ltd.                                 Yes_____      No_____

BG Investments, Inc.                                 Yes_____      No_____

Bonnie J. Gray, individually                         Yes_____      No_____

Timothy E. Gray                                      Yes_____      No_____

David R. Gray by Bonnie J. Gray, as representative
of the Estate of David R. Gray and Trustee of the
David R. Gray Revocable Trust                        Yes_____      No_____

Midwest Real Estate Investment Company               Yes_____      No_____

Midwest Real Estate Investment Company
Profit-Sharing Plan and Trust                        Yes_____      No_____

Atlantic Municipal Corporation                       Yes_____      No_____


**Third claim by plaintiff Phoenix Bond - compensatory damages**

     2.     If you answered YES to Question 1 as to any of the Sabre Defendants, please state the amount of compensatory damages that you find Phoenix Bond has proven as to the Sabre Defendants on the First Claim:    $_____


     3.     If you answered YES to Question 1 as to any of the Sass Defendants, please state the amount of compensatory damages that you find Phoenix Bond has proven as to the Sass Defendants on the First Claim:    $_____

5

4.      If you answered YES to Question 1 as to any of the Gray Defendants, please state the amount of compensatory damages that you find Phoenix Bond has proven as to the Gray Defendants on the First Claim:          $_____

**Third claim by plaintiff Phoenix Bond - punitive damages**

5.      If you answered YES to Question 1 as to any defendant, and you find that punitive damages should be assessed against that defendant, state the amount of punitive damages that you assess.  (Answer separately as to each defendant.

Sabre Defendants

MD Sass Investors Services, Inc.                          $_____

MD Sass Tax Lien Management, LLC                     $_____

MD Sass Municipal Finance Partners-IV, LLC        $_____

MD Sass Municipal Finance Partners-V, LLC         $_____

Sass Muni-IV, LLC                                               $_____

Sass Muni-V, LLC                                                $_____

Vinaya Jessani                                                    $_____

Kirk Allison                                                          $_____

Salta Defendants

Salta Group, Inc.                                                  $_____

Marshall Atlas                                                     $_____

HBZ, Inc.                                                            $_____

Lori Levinson                                                      $_____

Judith Berger                                                     $_____

Joshua Atlas                                                      $_____

Arlene Atlas                                                       $_____

Gray Defendants

Wheeler-Dealer, Ltd.                                          $_____

6

BG Investments, Inc.                                                    $_____

Bonnie J. Gray, individually                                     $_____

Timothy E. Gray                                                        $_____

David R. Gray by Bonnie J. Gray, as representative
of the Estate of David R. Gray and Trustee of the
David R. Gray Revocable Trust                               $_____

Midwest Real Estate Investment Company            $_____

Midwest Real Estate Investment Company
Profit-Sharing Plan and Trust                                 $_____

Atlantic Municipal Corporation                             $_____


_____          _____
Presiding Juror

_____          _____


_____          _____


_____          _____


_____          _____


Date:  November ___, 2011

## Part B - claims by plaintiff BCS Services, Inc.

**First claim by BCS Services (violation of RICO Act)**

1.    On plaintiff BCS Services's first claim, do you unanimously find that BCS Services has proven that the defendants violated the RICO Act?  (Answer separately for each defendant)

Sabre Defendants

| | | |
|---|---|---|
| MD Sass Investors Services, Inc. | Yes_____ | No_____ |
| MD Sass Tax Lien Management, LLC | Yes_____ | No_____ |
| MD Sass Municipal Finance Partners-IV, LLC | Yes_____ | No_____ |
| MD Sass Municipal Finance Partners-V, LLC | Yes_____ | No_____ |
| Sass Muni-IV, LLC | Yes_____ | No_____ |
| Sass Muni-V, LLC | Yes_____ | No_____ |
| Vinaya Jessani | Yes_____ | No_____ |
| Kirk Allison | Yes_____ | No_____ |

Salta Defendants

| | | |
|---|---|---|
| Salta Group, Inc. | Yes_____ | No_____ |
| Marshall Atlas | Yes_____ | No_____ |
| HBZ, Inc. | Yes_____ | No_____ |
| Lori Levinson | Yes_____ | No_____ |
| Judith Berger | Yes_____ | No_____ |
| Joshua Atlas | Yes_____ | No_____ |
| Arlene Atlas | Yes_____ | No_____ |

Gray Defendants

| | | |
|---|---|---|
| Wheeler-Dealer, Ltd. | Yes_____ | No_____ |
| BG Investments, Inc. | Yes_____ | No_____ |
| Bonnie J. Gray, individually | Yes_____ | No_____ |

8

| | | |
|---|---|---|
| Timothy E. Gray | Yes_____ | No_____ |
| David R. Gray by Bonnie J. Gray, as representative of the Estate of David R. Gray and Trustee of the David R. Gray Revocable Trust | Yes_____ | No_____ |
| Midwest Real Estate Investment Company | Yes_____ | No_____ |
| Midwest Real Estate Investment Company Profit-Sharing Plan and Trust | Yes_____ | No_____ |
| Atlantic Municipal Corporation | Yes_____ | No_____ |

**First claim by plaintiff BCS Services - compensatory damages**

2.    If you answered YES to Question 1 as to any of the Sabre Defendants, please state the amount of compensatory damages that you find BCS Services has proven as to the Sabre Defendants on the First Claim:    $_____

3.    If you answered YES to Question 1 as to any of the Sass Defendants, please state the amount of compensatory damages that you find BCS Services has proven as to the Sass Defendants on the First Claim:    $_____

4.    If you answered YES to Question 1 as to any of the Gray Defendants, please state the amount of compensatory damages that you find BCS Services has proven as to the Gray Defendants on the First Claim:    $_____

**Second claim by BCS Services (conspiracy to violate RICO Act):**

1.    On plaintiff BCS Services's second claim, do you unanimously find that BCS Services had proven that the defendants conspired to violate the RICO Act? (Answer separately for each defendant)

Sabre Defendants

| | | |
|---|---|---|
| MD Sass Investors Services, Inc. | Yes_____ | No_____ |
| MD Sass Tax Lien Management, LLC | Yes_____ | No_____ |
| MD Sass Municipal Finance Partners-IV, LLC | Yes_____ | No_____ |

9

MD Sass Municipal Finance Partners-V, LLC      Yes_____    No_____

Sass Muni-IV, LLC      Yes_____    No_____

Sass Muni-V, LLC      Yes_____    No_____

Vinaya Jessani      Yes_____    No_____

Kirk Allison      Yes_____    No_____


<u>Salta Defendants</u>

Salta Group, Inc.      Yes_____    No_____

Marshall Atlas      Yes_____    No_____

HBZ, Inc.      Yes_____    No_____

Lori Levinson      Yes_____    No_____

Judith Berger      Yes_____    No_____

Joshua Atlas      Yes_____    No_____

Arlene Atlas      Yes_____    No_____


<u>Gray Defendants</u>

Wheeler-Dealer, Ltd.      Yes_____    No_____

BG Investments, Inc.      Yes_____    No_____

Bonnie J. Gray, individually      Yes_____    No_____

Timothy E. Gray      Yes_____    No_____

David R. Gray by Bonnie J. Gray, as representative
of the Estate of David R. Gray and Trustee of the
David R. Gray Revocable Trust      Yes_____    No_____

Midwest Real Estate Investment Company      Yes_____    No_____

Midwest Real Estate Investment Company
Profit-Sharing Plan and Trust      Yes_____    No_____

Atlantic Municipal Corporation      Yes_____    No_____


**Second claim by plaintiff BCS Services - compensatory damages**


    2.      If you answered YES to Question 1 as to any of the Sabre Defendants,

10

please state the amount of compensatory damages that you find BCS Services has proven as to the Sabre Defendants on the Second Claim:     $_____

    3.    If you answered YES to Question 1 as to any of the Sass Defendants, please state the amount of compensatory damages that you find BCS Services has proven as to the Sass Defendants on the Second Claim:     $_____

    4.    If you answered YES to Question 1 as to any of the Gray Defendants, please state the amount of compensatory damages that you find BCS Services has proven as to the Gray Defendants on the Second Claim:     $_____

**Third claim by BCS Services (violation of interference with prospective business advantage)**

    1.    On plaintiff BCS Services's third claim, do you unanimously find that BCS Services has proven that the defendants interfered with plaintiff's prospective business advantage?  (Answer separately for each defendant)

<u>Sabre Defendants</u>

| | | |
|---|---|---|
| MD Sass Investors Services, Inc. | Yes_____ | No_____ |
| MD Sass Tax Lien Management, LLC | Yes_____ | No_____ |
| MD Sass Municipal Finance Partners-IV, LLC | Yes_____ | No_____ |
| MD Sass Municipal Finance Partners-V, LLC | Yes_____ | No_____ |
| Sass Muni-IV, LLC | Yes_____ | No_____ |
| Sass Muni-V, LLC | Yes_____ | No_____ |
| Vinaya Jessani | Yes_____ | No_____ |
| Kirk Allison | Yes_____ | No_____ |

<u>Salta Defendants</u>

| | | |
|---|---|---|
| Salta Group, Inc. | Yes_____ | No_____ |
| Marshall Atlas | Yes_____ | No_____ |

HBZ, Inc.                                    Yes_____     No_____

Lori Levinson                                Yes_____     No_____

Judith Berger                                Yes_____     No_____

Joshua Atlas                                 Yes_____     No_____

Arlene Atlas                                 Yes_____     No_____


Gray Defendants

Wheeler-Dealer, Ltd.                         Yes_____     No_____

BG Investments, Inc.                         Yes_____     No_____

Bonnie J. Gray, individually                 Yes_____     No_____

Timothy E. Gray                              Yes_____     No_____

David R. Gray by Bonnie J. Gray, as representative
of the Estate of David R. Gray and Trustee of the
David R. Gray Revocable Trust                Yes_____     No_____

Midwest Real Estate Investment Company       Yes_____     No_____

Midwest Real Estate Investment Company
Profit-Sharing Plan and Trust                Yes_____     No_____

Atlantic Municipal Corporation               Yes_____     No_____


**Third claim by plaintiff BCS Services - compensatory damages**

2.      If you answered YES to Question 1 as to any of the Sabre Defendants, please state the amount of compensatory damages that you find BCS Services has proven as to the Sabre Defendants on the First Claim:      $_____


3.      If you answered YES to Question 1 as to any of the Sass Defendants, please state the amount of compensatory damages that you find BCS Services has proven as to the Sass Defendants on the First Claim:      $_____


4.      If you answered YES to Question 1 as to any of the Gray Defendants, please state the amount of compensatory damages that you find BCS Services has proven as to the Gray Defendants on the First Claim:      $_____

12

**Third claim by plaintiff BCS Services - punitive damages**

     5.      If you answered YES to Question 1 as to any defendant, and you find that punitive damages should be assessed against that defendant, state the amount of punitive damages that you assess.  (Answer separately as to each defendant.)


<u>Sabre Defendants</u>

| | |
|---|---|
| MD Sass Investors Services, Inc. | $_____ |
| MD Sass Tax Lien Management, LLC | $_____ |
| MD Sass Municipal Finance Partners-IV, LLC | $_____ |
| MD Sass Municipal Finance Partners-V, LLC | $_____ |
| Sass Muni-IV, LLC | $_____ |
| Sass Muni-V, LLC | $_____ |
| Vinaya Jessani | $_____ |
| Kirk Allison | $_____ |


<u>Salta Defendants</u>

| | |
|---|---|
| Salta Group, Inc. | $_____ |
| Marshall Atlas | $_____ |
| HBZ, Inc. | $_____ |
| Lori Levinson | $_____ |
| Judith Berger | $_____ |
| Joshua Atlas | $_____ |
| Arlene Atlas | $_____ |


<u>Gray Defendants</u>

| | |
|---|---|
| Wheeler-Dealer, Ltd. | $_____ |
| BG Investments, Inc. | $_____ |
| Bonnie J. Gray, individually | $_____ |
| Timothy E. Gray | $_____ |
| David R. Gray by Bonnie J. Gray, as representative | |

of the Estate of David R. Gray and Trustee of the
David R. Gray Revocable Trust      $_____

Midwest Real Estate Investment Company   $_____

Midwest Real Estate Investment Company
Profit-Sharing Plan and Trust       $_____

Atlantic Municipal Corporation       $_____


_____  _____

Presiding Juror

_____  _____


_____  _____


_____  _____


_____  _____


Date:  November ___, 2011

14