# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PHOENIX BOND & INDEMNITY CO., et al. ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> JOHN BRIDGE, et al., ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> BCS SERVICES, INC., et al. ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> HEARTWOOD 88, LLC, et al. ) <br> ) <br> Defendants. ) | Case No. 05 C 4095 <br><br> Consolidated with <br> Case No. 07 C 1367 <br><br> Judge Matthew F. Kennelly |

**PLAINTIFFS' CONSOLIDATED RESPONSE TO DEFENDANTS'
RENEWED MOTIONS FOR JUDGMENT AS A MATTER OF LAW**

After Plaintiffs rested, each separately represented defendant group filed motions for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). Defendants then presented their case, consisting of two witnesses: a former Cook County Treasurer's Office auctioneer, who testified that liens were awarded at auctions in accordance with the instructions given by the Treasurer's office, and a so-called "expert" on damages, who was specifically instructed not to do any kind of a damages calculation. After those two witnesses testified, Defendants rested. With all of the evidence now in, Defendants have filed renewed motions for judgment as a matter of law, re-asserting the grounds each asserted in their earlier motions, while also adopting each other's arguments. (Dkt. 867, 869-871.) To the extent these motions simply

re-assert the grounds previously presented, they should be denied for the reasons set forth in Plaintiffs' Consolidated Response to Defendants' Motions for Judgment as a Matter of Law. (Dkt. 872.)

The Sass Defendants' renewed motion, however, adds one new ground, arguing that Plaintiffs failed to prove proximate cause.[1] In support of their motion, the Sass Defendants argue that because evidence was presented at trial of letters written to the Treasurer's Office that did not result in Defendants or others being barred from the Annual Tax Sales, they have proven that the Treasurer's Office is an intervening or superseding cause that breaks the causal chain. (Dkt. 867 at 2-3.) The Sass Defendants' argument fails for at least two reasons.

First, the Sass Defendants' argument ignores the substantial body of case law requiring that superseding or intervening causes be equally culpable as the defendants who wrongful acts they might excuse. As Plaintiffs argued in support of their Motion *in Limine* 1, an intervening or superseding cause "is something *culpable* that intervenes between the defendant's [wrongdoing] and the plaintiff's injury." *Scottsdale Ins. Co. v. Subscription Plus, Inc.*, 299 F.3d 618, 621 (7th Cir. 2002) (emphasis added). Because the intervening or superseding cause must be a culpable act, it is a basic principle of tort law that the failure of a third party to act to prevent a harm is not a superseding cause. *See, e.g.*, Restatement (Second) of Torts § 452 (1965); *id.* § 870 cmt. l (explaining that the rules on causation with respect to negligence apply to intentional torts). Moreover, this remains the case even if that third party has an independent duty to act. *See id.* § 452 cmt. b.

---

[1] The Sass Defendants' renewed motion also added additional authority, specifically *Cleveland v. United States*, 531 U.S. 12, 20-21 (2000), in support of their argument that Plaintiffs failed to prove a deprivation of property rights. (Dkt. 867 at 3-5.). The Sass Defendants previously presented this argument, minus the citation to *Cleveland*, in their earlier Rule 50 filing. (Dkt. 858 at 7-11). However, the Court had not previously requested that Plaintiffs address this argument, and so Plaintiffs also have not addressed the Sass Defendants' tardy addition of a 2000 Supreme Court opinion in further support of it.

Applied here, this well-established body of law means that Defendants' RICO violations and tortious interference cannot be excused merely because the Treasurer's Office did not bar them from the Annual Tax Sales. Rather, to succeed on this argument, Defendants would have to have proven that Treasurer's Office was *culpable* in failing to do so. Because they failed to even argue—let alone present *any* evidence of the Treasurer's Office's culpability, the Sass Defendants' new argument fails as a matter of law.

Second, the Sass Defendants' new argument assumes that its view of this evidence is the only possible evidence. While such an assumption is necessary for their Rule 50 motion to succeed, there is absolutely no basis for it. To the contrary, the jury could very easily determine that the reason the Treasurer's Office did not act is because it did not have sufficient evidence to do so, and then conclude that sufficient evidence has been presented at trial to prove Defendants liable for their conduct. Indeed, not only is this a reasonable conclusion for the jury to make, it is the likely conclusion, seeing as how the letters were written before Plaintiffs had the opportunity to complete discovery in this litigation and much of the information that had obtained could not be shared with the Treasurer. (*See, e.g.*, DX 166A at 2.) Moreover, Judge Martha Mills confirmed as much during her testimony. (*See, e.g.*, Trial Tr. 2793:15-2794:1 (testifying that "[w]e got complaints, but they were never backed up with any information that was usable" and that "[t]he State's attorney always told us there was not sufficient information.").)

## **CONCLUSION**

Like their original motions for judgment as a matter of law, Defendants' renewed Rule 50 motions should be denied in their entirety, as there is more than sufficient evidence to allow the jury to find each Defendant liable for Plaintiffs' claims.

Dated: November 1, 2011　　　　　　　　Respectfully submitted,

PLAINTIFFS PHOENIX BOND & INDEMNITY
CO. and BCS SERVICES, INC.

By:　  /s/  Max A. Stein
　　　　　One of Their Attorneys

Lowell E. Sachnoff  (ARDC No. 2438062)
Jonathan S. Quinn  (ARDC No. 6200495)
Max A. Stein (ARDC No. 6275993)
John W. Moynihan  (ARDC No. 6212061)
Thomas M. Levinson (ARDC No. 6286713)
REED SMITH LLP
10 South Wacker Drive
Chicago, IL 60606
(312) 207-1000

# CERTIFICATE OF SERVICE

I, Max A. Stein, hereby state that on November 1, 2011, I electronically filed the foregoing PLAINTIFFS' CONSOLIDATED RESPONSE TO DEFENDANTS' RENEWED MOTIONS FOR JUDGMENT AS A MATTER OF LAW with the Clerk of the Court using the ECF system, which will send notification to all parties.

> By: */s/* Max A. Stein
> Max A. Stein (ARDC No. 6275993)
> REED SMITH LLP
> 10 South Wacker Drive
> Chicago, Illinois 60606
> (312) 207-1000

US_ACTIVE-107659985.2