# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 4095 | **DATE** | 11/29/2011 |
| **CASE TITLE** | Phoenix Bond & Indem. Co., et al. vs. Bridge, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court denies defendants Wheeler-Dealer, Ltd. and Timothy Gray's motion and renewed motion for judgment as a matter of law [docket nos. 859 & 871]. Counsel for both sides should still appear for the December 8, 2011 ruling date and should be prepared to set a prompt date for retrial at that time.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Following a trial, the jury was unable to reach a verdict on plaintiffs' RICO, RICO conspiracy, and state law tortious interference claims against defendants Wheeler-Dealer, Ltd. and Timothy Gray. (The jury found for the plaintiffs against the remaining defendants on some or all of the plaintiffs' claims.) Wheeler-Dealer and Gray have moved for entry of judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50.

The case was tried by the plaintiffs on the theory that the defendants engaged in a scheme to defraud that enabled them to bid at the Cook County Treasurer's auction of liens for unpaid property taxes; absent the scheme, they would not have been able to do so; this deprived plaintiffs of liens they would have obtained had the defendants not been able to bid; and plaintiffs were damaged as a result. (The Court has left out the RICO-specific aspects of the plaintiffs' theory because they are immaterial to the issues raised in defendants' motion.)

The evidence showed that to bid at the sale, a person or entity had to register using a form that required it to acknowledge its awareness of a rule referred to at trial as the "single simultaneous bidder" rule and to make sworn representations and warranties that the registrant did not have finances in common with, a common source of funding with, or an agreement to sell liens it won to another bidder. Plaintiffs offered evidence of the registration forms submitted to Wheeler-Dealer and Gray as well as by the other defendants, and evidence that the representations and warranties were false. They also summarized this evidence and argument in their opening statement. The defendants, including Wheeler-Dealer and Gray, did not seek to exclude the representations-and-warranties evidence or argument on the ground that it was outside the scope of plaintiffs' complaint.

In their Rule 50 motion filed at the conclusion of plaintiffs' case and renewed at the end of the trial, Wheeler-Dealer and Gray argue that no reasonable jury could find they violated the single simultaneous bidder rule.

05C4095 Phoenix Bond & Indem. Co., et al. vs. Bridge, et al.

Page 1 of 3

## STATEMENT

They also argue that plaintiffs should not be permitted to sustain their claim based on a theory that Wheeler-Dealer and Gray schemed to defraud by making material false statements under oath via the representations and warranties in the Treasurer's registration materials. Finally, they argue that no reasonable jury could find they made material false statements.

The Court concludes that a reasonable jury could find, based on the evidence offered, that Wheeler-Dealer and Gray knowingly engaged in a scheme to defraud by making intentionally false statements to the Treasurer with regard to the representations and warranties; they did so in order to deceive the Treasurer in a way that would permit them to bid at the sale; the false statements were material; and the mail or a private interstate carrier was used to carry out the scheme. Among other things, a reasonable jury could find from the evidence that these defendants had finances in common and/or common sources of funding with other bidders. The Court also rejects the defendants' argument that no reasonable jury could find that Gray, on his own behalf and as principal of Wheeler-Dealer, knowingly made the claimed misrepresentations. The evidence, though conflicting, was sufficient to support a jury verdict for plaintiffs. A reasonable jury would not be required to accept Gray's testimony that defendants cite in their Rule 50 motion.

Contrary to Wheeler-Dealer and Gray's argument, there is nothing inappropriate about sustaining plaintiffs' claim based on this theory on the ground that this was somehow outside the scope of their complaint. First of all, plaintiffs' complaint (specifically, their third amended complaint in Case No. 07 C 1367, in which they named Wheeler-Dealer and Gray among others) included allegations concerning the registration process and the representations and warranties. *See* 3d Am. Compl. ¶¶ 60 & 78. It is true, as defendants point out, that the primary thrust of plaintiffs' complaint concerned the single simultaneous bidder rule. But any suggestion that the evidence and argument about representations and warranties was outside the scope of the complaint or came as a surprise is quite simply incorrect.

In addition to the complaint, the final pretrial order put defendants on notice before trial that plaintiffs were relying on a contention that the defendants knowingly made false statements in their auction registration materials. *See* Final Pretrial Order at 2; Tr. 3472-75 (discussion concerning a related issue regarding the jury instructions). And in any event, when representations-and-warranties argument and evidence was offered at trial – and there was a good deal of it – defendants did not object that this was outside the scope of the complaint. (Wheeler-Dealer and Gray cite to, among other things, arguments plaintiffs made in the district court and on appeal to avoid summary judgment, but there is no rule that a party has to pitch its case at trial in the exact same way it did on summary judgment.)

Assuming for purposes of discussion that evidence and argument about the representations and warranties *was* outside the scope of the complaint, that would not entitle defendants to entry of judgment. *See generally Dominguez v. Hendley*, 545 F.3d 585, 590-91 (7th Cir. 2008). Defendants' motion does not even acknowledge the existence of Federal Rule of Civil Procedure 15, the text of which would require denial of the motion even were the Court to accept the motion's premise. Rule 15 provides that even if a party objects at trial that evidence it outside the issues raised in the pleadings (which, again, defendants did not do), the court may, even then, permit the pleadings to be amended and "should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits" – a showing of prejudice that defendants have not and could not have made. Fed. R. Civ. P. 15(b)(1). In any event, given the lack of objection to this evidence and the fact that defendants were on notice of it via the final pretrial order, the issue was tried by (at least) implied consent and thus "must be treated in all respects as if raised in the pleadings." *Id.* 15(b)(2). In that situation, the party who pursued the unalleged issue is entitled to move to amend the pleadings even after judgment, and even if it does not do that, "failure to amend does not affect the result of the trial of that issue."

**STATEMENT**

*Id.*

Given these conclusions, it is unnecessary to address whether plaintiffs also had evidence sufficient to permit a reasonable jury to find against Wheeler-Dealer and Gray based only on a theory based on noncompliance with the single simultaneous bidder rule.  The Court rejects defendants' argument that the mail / wire fraud statute, which provided the basis for the RICO predicate acts cited by plaintiffs, is unduly vague as applied in this case.  The statute prohibits devising a scheme to defraud or to obtain money and property by false pretenses and using the mail or a private interstate carrier to carry out the scheme.  18 U.S.C. § 1341.  This is certainly definite enough to put an ordinary person on notice that if he deliberately schemes to mislead a government agency in documents submitted under oath that the agency requires before he can bid at its auction of property, and makes money as a result, he has committed a crime.  Wheeler-Dealer and Gray cite no authority supporting their vagueness argument as it relates to this case.  The Court also rejects defendants' remaining arguments.

For these reasons, the Court denies Wheeler-Dealer and Gray's motion and renewed motion for judgment as a matter of law [docket nos. 859 & 871].  Counsel should still appear for the December 8, 2011 ruling date and should be prepared to set a prompt date for retrial at that time.