**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

PHOENIX BOND & INDEMNITY CO., et al.,  )
                                                               )
              **Plaintiffs,**    )
                                                               )
   **vs.**                                               )      Case Nos.  05 C 4095
                                                               )         <u>and</u>     07 C 1367
JOHN BRIDGE, et al.,                   )
                                                               )
              **Defendants.**   )

**CORRECTED
<u>MEMORANDUM OPINION AND ORDER</u>**

MATTHEW F. KENNELLY, District Judge:

      The Court's decision addressing plaintiffs' fee petition directed the parties to calculate the amounts appropriately attributable to certain reductions and adjustments the Court made in the amount requested and ordered the make supplemental submissions in this regard. The Court addresses those submissions in this decision.

      Before getting to the particulars, plaintiffs note in their submission that the Court erroneously stated that Bonnie Gray had been found not liable on all claims. *See* Dec. 7, 2012 Decision at 3 & 10. Actually Ms. Gray was found liable on one of the RICO claims. The Court agrees that Ms. Gray is appropriately included among the BG defendants who are liable for the attorney's fee award.

      1.    <u>Time working on state court lawsuit.</u>  After Judge Holderman dismissed the federal claims in December 2005, plaintiffs refiled their state claims in state court to hedge their bets in case the court of appeals affirmed the dismissal of the federal

claims. The Court concluded that "none of the time devoted to the state court litigation is compensable under RICO's fee-shifting provision." Dec. 7, 2012 Decision at 12.

Plaintiffs say that the amount of time devoted to the state court litigation amounts to $6,745, all involving work by the Reed Smith firm. Defendants propose a much higher figure, $38,099. The materials attached to defendants' submission, however, reflect that they have gone far beyond what the Court ordered would be deducted. Specifically, they seek to deduct time that they contend was spent on state-law issues within the federal suit. A number of the entries listed in Appendix A to defendants' submission predate the dismissal of the federal case, before the state court case was even a gleam in plaintiffs' eyes. A number of other entries reference discussions or research regarding state law, but in the context of the pending federal lawsuit. These do not represent time devoted to the state court lawsuit, which is what the Court said it would deduct from plaintiffs' request.

Defendants' objections to these time entries conceivably might have had some merit had they asserted the objections in their briefs filed in opposition to the fee petition. They did not make the objection in those briefs, however. The Court has re-reviewed the defendants' statements in support of their objections to the fee petition (which groups their objections into various categories); the Sass defendants' and BG defendants' responses to the fee petition; and their supplemental surreplies. There is no discussion in those materials of any objections to time spent on the federal suit that arguably only involved state law claims. Rather, the defendants' objections on this topic were specifically focused on time spent on the state court case – the objection that the Court sustained. It is conceivable that the objections that defendants now make to the

2

entries in question may be buried somewhere within the voluminous spreadsheets that defendants submitted, but if so, that was insufficient to bring them to the Court's attention. The point has been forfeited.

Other entries listed in Appendix A to defendants' supplemental submission likewise do not represent time properly deductible because it was devoted to the state court suit. Some of them reference the state court suit but make it clear that they actually concern the federal suit and its interface with parallel state litigation. This time is properly compensable under RICO's fee-shifting provision.

There is, however, some time that appropriately should be deducted. This includes the following. <u>Reed Smith time</u>: Michelle Walton 1/3/06 ($1,232); half of John Moynihan 1/4/06 ($722.50), Richard Madamba 4/5/07 ($215), and Lowell Sachnoff 4/11/07 ($562.50). The total of these reductions is $2,732. <u>Katten Muchin time</u>: All of the time listed in a summary at the end of Appendix A is appropriately deducted as time devoted to the state court suit, with exception of the entries for 6/26/06, 6/30/06, and 7/10/06. Using the figures on the summary, the appropriate amount of the Katten Muchin reduction is a total of $12,652. <u>Jenner & Block</u>: No deductions are appropriate. All of the attorney time in question appears to concern the federal suit.

In sum, the reduction for time devoted to the state court litigation is $6,745 + $2,732 + $12,652, a total of $22,129.

      2.     <u>Time spent working on ARDC matters.</u> Plaintiffs propose a reduction of $3,864. The Court agrees with defendants that the 9/12/09 entry for Andrew Mathews should be included. Thus the appropriate reduction is $5,424.

3. <u>Time spent by summer associates.</u>  The parties agree that the appropriate reduction is $29,496.60.

4. <u>One-third of time working on fee petition.</u>  Plaintiffs say the one-third reduction for time spent on the fee petition amounts to $90,931.50.  It appears that defendants are correct that plaintiffs have omitted certain entries from fee petition exhibit 1B.  The Court agrees with defendants that the appropriate reduction is $97,164.16.

5. <u>Time spent on bankruptcy filings by certain BG defendants.</u>  The Court overrules plaintiffs' attempt to reargue the merits of this point.  That aside, they argue that the appropriate reduction is $62,825.25.  Defendants say that plaintiffs missed several bankruptcy-related time entries, listed in Appendix E to defendants' submission.

Plaintiffs' exhibits inexplicably do not include the entries they included in their total, so the Court accepts defendants' contention that plaintiffs missed the Appendix E entries.  But although defendants' memorandum says that Appendix E includes entries totaling $2,669.50, that is not actually so.  The Appendix is a single page that lists 14 entries totaling over $12,000.  Of these, two are highlighted, but these total $1,728, not $2,669.50.  The Court therefore focuses on the highlighted entries, because defendants made no effort to explain the attachment.  Of the two highlighted entries, the Bobo entry for $709.50 appears bankruptcy-related, but the Stein entry for $1,018.50 does not.  The Court concludes that the appropriate reduction is $62,825.25 + $709.50, for a total of $63,534.75.

6. Summary of reductions.

The reductions ordered by the Court are as follows:

| | |
|---|---|
| $22,129.00 | Work on state court lawsuit |
| $5,424.00 | Work on ARDC matters |
| $29,496.60 | Work by summer associates |
| $97,164.16 | One-third of time on fee petition |
| $63,534.75 | Work on bankruptcy filings |

The total is $217,747.91.

Plaintiffs requested $12,185,352.10 in attorney's fees. This amount is reduced to $11,967,604.19 to account for the five subjects listed above. The Court finds that to be the amount of plaintiffs' reasonable attorney's fees.

7. Twenty percent reduction for non-overlapping matters. The Court said that each defendant group would be responsible for eighty percent of the overall fee award and that their liability for sixty percent of the overall fee award would be joint and several. The Court made this reduction on account of non-overlapping aspects of claims against defendants in different enterprises from those involving the Sass and BG defendants. See Dec. 7, 2012 Decision at 18-20 & n.6. Plaintiffs argue that this reduction should not apply to work after November 4, 2011, because no other defendants were in the case after that date. The Court rejects this attempt to reargue the point. That aside, the Court was certainly aware of that factor and took it into account in making the twenty percent reduction.

The Court has found that plaintiff's reasonable attorney's fees amount to $11,967,604.19. After making the apportionment, the Court finds that the Sass

defendants are liable for $9,574,083.35 and that the BG defendants are liable for $9,574,083.35. The Sass defendants and BG defendants are all jointly and severally liable for $7,180,562.51; the Sass defendants are jointly and severally liable with each other for $2,393,520.84 but are not jointly liable with the BG defendants for that amount; and the BG defendants are jointly and severally liable with each other for $2,393,520.84 but are not jointly liable with the Sass defendants for that amount.

8. <u>Expenses and costs</u>. In their supplemental brief, plaintiffs say the total amount of expenses and costs they claim is $1,131,536.25 ($1,107,653.51 before November 4, 2011 and $23,882.74 after that date). Defendants offer a different figure. The Court has gone back to the original and supplemental fee petition for the most reliable figure and takes it from those documents. The total is $1,071,352.08 ($1,067,085.26 in the original fee petition and $4,266.82 in the supplemental petition). The Court finds this to be plaintiffs' reasonable costs and expenses.

The Court has previously concluded that $837,223.06 of this amount is not subject to the twenty percent apportionment reduction just discussed. The Sass and BG defendants are all jointly and severally liable for that amount.

The remaining $234,129.00 is subject to the apportionment reduction referenced earlier. The Sass defendants are liable for eighty percent of this amount, or $187,303.20, and the BG defendants are likewise liable for $187,303.20. The Sass and BG defendants are all jointly and severally liable for $140,477.40; the Sass defendants are jointly and severally liable with each other for $46,825.80 but are not jointly liable with the BG defendants for that amount; and the BG defendants are jointly and severally

liable with each other for $46,825.80 but are not jointly liable with the Sass defendants for that amount.

## Conclusion

The overall award of reasonable attorney's fees and expenses is $13,038,956.27 ($11,967.604.19 + $1,071,352.08). Of this amount, the Sass defendants[1] and BG defendants[2] are all jointly and severally liable for $8,158,262.97 ($7,180,562.51 + $837,223.06 + $140,477.40); the Sass defendants are jointly liable with each other for $2,440,346.64 ($2,393,520.84 + $46,825.80) but are not jointly liable with the BG defendants for that amount; and the BG defendants are jointly liable with each other for $2,440,346.64 but are not jointly liable with the Sass defendants for that amount.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: December 22, 2012

---

[1] The Sass defendants that are liable are MD Sass Investors Services, Inc.; MD Sass Tax Lien Management, Inc.; MD Sass Muni Finance Partners-IV, LLC; MD Sass Muni Finance Partners-V, LLC; Sass-Muni IV, LLC; Sass-Muni V, LLC; Vinaya Jessani; and Kirk Allison.

[2] The BG defendants that are liable are BG Investments, Inc.; Bonnie Gray; David Gray; Midwest Real Estate Investment Co.; Midwest Real Estate Investment Co. Profit Sharing Plan and Trust; and Atlantic Municipal Corp.

7